## RETEUNA v. INDUSTRIAL COMMISSION.

No. 3397.   Decided November 14, 1919.   (185 Pac. 535.)

1.  MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT CONSTITUTIONAL. The constitutional right of the Legislature to enact a workmen's compensation law, having not only the object to secure compensation to an injured employé, or those dependent upon one killed by accident, but to relieve society of the care and support of the victims of industrial accidents, is not open to question.[1]   (Page 263.)

2.  MASTER AND SERVANT—WORKMEN'S COMPENSATION—REVIEW OF DETERMINATION OF COMMISSION AS TO COMMUTATION. In view of the objects of the Workmen's Compensation Act, embracing the protection of society as well as the protection of the injured employé or his dependents, the authority and discretion of the

---

[1] *Industrial Commission* v. *Daly Min. Co.*, 51 Utah, 602, 172 Pac. 301; *Industrial Commission* v. *Evans*, 52 Utah, 394, 174 Pac. 825; *Garfield Smelting Co.* v. *Industrial Commission*, 53 Utah, 133, 178 Pac. 57.

Industrial Commission, as the authorized agent of the state, in determining whether the interests of the parties would be subserved best by commutation of compensation or payment in a lump sum pursuant to Comp. Laws 1917, section 3145, is absolute, and not subject to review by the courts.  (Page 265.)

3. MASTER AND SERVANT—WORKMEN'S COMPENSATION—DENIAL OF COMMUTED COMPENSATION. Refusal by the Industrial Commission to approve a commuted or lump sum settlement with an injured employé rendered insane by the accident, in view of the possibility that the employé might recover, etc., *held* not arbitrary and unlawful.  (Page 265.)

4. MASTER AND SERVANT—WORKMEN'S COMPENSATION—APPROVAL BY DISTRICT COURT OF LUMP SUM SETTLEMENT. In view of Comp. Laws 1917, section 3146, of the Workmen's Compensation Act, order of the district court, authorizing the guardian of an injured employé, rendered insane by the accident, to make a commuted or lump sum settlement with the employer, and to execute a release, *held* not even prima facie evidence of the reasonableness of the settlement, which, even in the absence of contrary evidence, the Industrial Commission was not under duty to approve, it not being within the authority of the district court to direct the guardian with respect to the amount of the compensation to be received, or when and how it should be received; such matters being within the control of the Industrial Commission.  (Page 266.)

5. MASTER AND SERVANT—WORKMEN'S COMPENSATION—REVIEW OF COMMISSION'S DETERMINATION OF FACT. Where there was testimony to support the conclusion of the Industrial Commission on a question of fact, the Supreme Court will not review the commission's finding.[2]  (Page 266.)

Original action by Barto Reteuna, guardian of Domineck Barda, to review compensation proceedings before the Industrial Commission of the State.

WRIT OF REVIEW DENIED, and petition dismissed.

*Evans & Sullivan,* of Salt Lake City, for plaintiff.

*Dan B. Shields,* Atty. Gen., and *J. H. Wolfe, O. C. Dalby,* and *Herbert Van Dam, Jr.,* Asst. Attys. Gen., for defendant.

[2] *Industrial Commission* v. *Evans,* 52 Utah, 394, 174 Pac. 825.

GIDEON, J.

This is an original action in this court, asking for a review of certain proceedings before the Industrial Commission of this state in an action entitled *Barto Reteuna as Guardian of the Person and Estate of Domineck Borda, an Injured Employé, Plaintiff,* v. *Independent Coal & Coke Co.*

The facts out of which this controversy arose are as follows: On or about April 1, 1918, one Domineck Borda was employed by the Independent Coal & Coke Company in Carbon county. On said date he was injured during the course of his employment, and the accident causing the injury arose out of such employment. These facts are not in dispute, but are admitted by both parties. As a result of such injury the mind of said Borda became deranged to such an extent that he is mentally incompetent. On or about April 12, 1919, the district court of Carbon county appointed plaintiff, Reteuna, guardian of the person and estate of Borda, and thereafter such guardian filed an application with the Industrial Commission, defendant here, asking for an award for said injury under the Workmen's Compensation Act of Utah. Comp. St. 1917, tit. 49. A hearing was regularly had on said petition on or about April 30th of that year. On May 26, 1919, an order was made, awarding to the petitioner therein twelve dollars per week, and directing the Independent Coal & Coke Company to pay the applicant as such guardian that amount from and including April 12, 1918, that being ten days after the injury, "until such date as the commission shall by proper order change, modify, or discontinue such compensation, less the sum of $648, theretofore received by the applicant." It further appears that on or about August 23, 1919, said guardian presented his verified petition to the district court of Carbon county, in which it was set out that the Independent Coal & Coke Company had in writing offered to pay the petitioner, as guardian aforesaid, a lump sum of $2,500 as full compensation for the injuries received by his ward while in the employ of the coal and coke company. It was likewise represented to the court that in the guardian's judgment it

would be better for the interests of the incompetent and of
the state of Utah that such offer of settlement be accepted.  The
district court thereupon made an order, authorizing and per-
mitting the guardian to make such settlement with the coal
and coke company, and upon the payment by it of $2,500 to
execute a full release and discharge of said company from
any and all claims growing out of the injury to said Borda.
Thereafter, on or about August 28, 1919, plaintiff herein, as
guardian, filed his petition with the Industrial Commission,
defendant herein, setting forth his appointment as guardian,
the award made by the commission May 26, 1919, and the fur-
ther fact that the Independent Coal & Coke Company had in
writing offered to pay in full settlement of all claims for the
injuries sustained by the incompetent the sum of $2,500, and
that he had been authorized and empowered by the district
court of Carbon county to accept said offer and to execute
and deliver a full release to said company.  Such facts were
stated in a verified petition, and apparently no further testi-
mony or hearing was had by the commission on said petition.
On September 9, 1919, the commission denied the petition.
Thereafter this application was made to this court to review
the proceedings of the commission in its refusal to approve
and authorize the settlement, and praying that an order issue,
directing the commission to vacate its order of September 9,
1919, and to enter an order approving said settlement in con-
formity with the order of the district court of Carbon county.
It was claimed in the application that it would be to the best
interests of society, the people of the state, and the said in-
competent that said settlement be approved, and that the
commission, in denying the right of the guardian to make such
settlement in conformity with the order of the district court,
''acted without authority, and in an arbitrary, wrongful and
unlawful manner, and to the prejudice of the people of the
state of Utah and the said incompetent.   *   *   *''

The Industrial Commission by its answer admitted the pro-
ceedings had before it as herein stated; admits that by its
order it refused to approve or authorize a settlement by the
payment of a lump sum of $2,500, but denies the authority of

the district court of Carbon county to make an order binding upon it. It also denies that it would be to the best interests of the incompetent or of the people of this state that such settlement be affirmed by the commission, and denies that in refusing to approve said settlement it exceeded its jurisdiction or acted in an arbitrary, wrongful, and unlawful manner. It avers that it had authority under the provisions of the Workmen's Compensation Act to commute compensation into a lump sum if in its discretion it was deemed best so to do, but that no commutation or settlement can be made without the approval of the commission, and that it has control and continuing jurisdiction of the compensation awarded, and that its findings and conclusions as to whether commutation or settlement should be allowed are final and not subject to review.

The answer having admitted all of the allegations of the petition respecting the proceedings and orders made by the commission left no material issue of fact in dispute. To the affirmative allegations of the answer, which really stated conclusions of law only, a demurrer was filed by the plaintiff, and the matter was argued and submitted upon the issues presented by the pleadings.

The application for review filed in this court is under the provisions of Comp. Laws Utah 1917, section 3148, as amended by chapter 63, Laws Utah 1919. That section as amended provides that within thirty days after the final decision of the commission on an award any one affected by the order of the commission may apply to the Supreme Court for a writ of certiorari or review. It is also therein provided that the review shall extend no further than "to determine whether or not: (1) The commission acted without or in excess of its power; (2) if findings of fact are made, whether or not such findings of fact support the award under review." It is further provided in that section as amended that the findings and conclusions of the commission on questions of fact "shall be conclusive and final and shall not be subject to review; such question of fact shall include ultimate facts and the findings and conclusions of the commission." The other

subdivisions of the section provide that the Code of Civil Procedure, relating to writs of review, shall, so far as applicable and when not in conflict with the other provisions of the act, apply to the proceedings in the courts under that section, and that no court save the Supreme Court shall have jurisdiction to review, reverse, or annul any award, etc. It will thus be seen that the questions presented by this record for determination are: First, has the applicant, after having filed his claim for an award under the provisions of the Workmen's Compensation Act, the right to make settlement with his employer without the approval of the commission? and, second, if the applicant has no such right, is the action of the commission in either approving or refusing to approve such voluntary settlement thus made subject to review by this court?

No question is presented respecting the right of the injured employé to receive compensation, nor or the liability of the Independent Coal & Coke Company to pay such compensation.

The constitutional right of the Legislature to enact a workmen's compensation law is no longer open to question. Many of the provisions and sections of this statute have been considered by this court in at least three different decisions: *Industrial Com. v. Daly Min. Co.*, 51 Utah 602, 172 Pac. 301; *Garfield Smelting Co.* v. *Industrial Com.* 53 Utah 133, 178 Pac. 57; *Industrial Com.* v. *Evans*, 52 Utah 394, 174 Pac. 825. The beneficent purposes of the act, and of similar acts, have been repeatedly stated by the courts of this and other states. It has not only for its object to secure compensation to an injured employé or to those dependent upon one killed by accident while so employed, but to relieve society of the care and support of the unfortunate victims of industrial accidents. This thought has been so well stated by the Ohio Industrial Commission in *Rosensteel* v. *Niles Forge & Mfg. Co.*, reported in 7 Neg. & Comp. Cases Ann. 798, that liberty is here taken to quote from that decision as follows:

"The theory of workmen's compensation is based largely upon the doctrine that society itself is vitally concerned in the prompt

payment of compensation to injured and the dependents of killed employés. It is a matter relating to the promotion of the general welfare. * * * The Industrial Commission is the instrumentality through which the state acts, and it is its duty, not only to ascertain all of the facts and determine the amount of compensation to which a claimant is entitled, but to pursue the matter to final judgment in the event the employer refuses to pay. In other words, the state, as the representative of society at large, steps in and takes charge. Such being the case, it follows that the individual claimants, not being solely interested, cannot enter into a release which will be binding without the consent of the state through the action of the Industrial Commission."

To the same effect is the decision of the Supreme Court of Michigan in the case of *Estate of Beckwith* v. *Spooner*, 183 Mich. 323, 149 N. W. 971, Ann. Cas. 1916E, 886.

Section 3138 of the act provides when compensation shall be received by an employé for partial disability, and that such compensation shall be a weekly allowance. Section 3144 defines the powers and jurisdiction of the commission as follows:

"The powers and jurisdiction of the commission over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto as in its opinion may be justified."

Section 3145, relating to the authority of the commission to commute payments, is as follows:

"The commission, under special circumstances, and when the same is deemed advisable, may commute periodical benefits to one or more lump sum payments."

It will thus be seen that the commission is charged with the duty of fixing the compensation to be received by an injured employé. Also, that, after having made such award, the commission, under section 3144, supra, has continuing power and authority to modify or change such order of award as in its opinion may be justified. By the provisions of section 3145, under special circumstances, when deemed advisable, it may commute the periodical payments to one or more lump sum payments. Considering the objects sought to be accomplished by the enactment, that it is not damages as ordinarily understood to be paid by the negligent employer for an injury to an employé, but that it is compensation to

protect the injured party and those dependent upon him regardless of the question of negligence, and that the state is an interested party, then it must necessarily follow that the authority and discretion of the commission, as the authorized agent of the state, in determining whether the interests of the parties concerned in any particular case would be best subserved by a commutation or payment in a lump sum, must be absolute, and not subject to review by the courts. In other words, the question for determination is one of discretion under all the peculiar circumstances of the particular case, and must be so considered, and each case determined upon the particular facts surrounding it. It is not a question, as pointed out by the Attorney General, of evidence or the weight of evidence. It must be assumed that the commission, in making the original award, familiarized itself with the facts surrounding the applicant, his particular needs, and, based upon such facts, made its decision that the payments should be made periodically as authorized by the act.

In addition, under the particular facts as presented by the record, even if we considered it a matter that the court should review, we are not prepared to say that the acts of the commission were arbitrary and unlawful. It appears from the record that the injured employé is an Italian, that he is mentally incapacitated by the accident, and that it is wholly uncertain as to how long the incompetency will last, or what form or degree such incompetence or insanity may take. While it is true that the duty of the commission is to protect the injured as well as the state, it is also true that it is incumbent upon the commission to see that no employer shall be imposed upon or required to make payment to an injured employé for any greater length of time than such injury may continue. From the evidence, it was impossible for the commission to tell or determine for what length of time the injury might continue. The injured employé was thirty-five years of age at the time of accident, and it is possible that he may in a very short time recover from the effects of the injury and be able to earn a livelihood and to continue the employment in which he was engaged at the time of the accident. If such proves to be the case, it would

be manifestly unjust that the employer should continue to make payments, or should at this time pay an amount greater than would be the total of the periodical payments.

It is contended by counsel for plaintiff that the order of the district court of Carbon county authorizing and empowering the guardian to make the settlement and to execute a release, if not binding upon the commission, was at least prima facie evidence of the reasonableness of the settlement, and that in the absence of any evidence to the contrary it was incumbent upon the commission to authorize the settlement as directed by the district court. In that we think the petitioner is in error. The fund to be paid for the injury is in no sense an estate to be administered by a guardian as usually understood in the handling of estates belonging to incompetents and minors. Section 3146 of the act in question provides:

"Compensation before payment shall be exempt from all claims of creditors and from any attachment or execution, and shall be paid only to such employés or their dependents."

It follows from that section that the only jurisdiction the district court had, or could have, over the fund in question is to see that it is applied by the guardian for the support and benefit of the injured employé or his dependents. It was not within the authority of the court to direct the guardian respecting the amount of the compensation to be received, or when and how it should be received. These matters were wholly within the control and jurisdiction of the commission.

Considering the entire record, there is ample testimony to support the conclusion of the commission to refuse to approve the settlement, considered purely as a question of fact; and, there being such testimony, this court will not review the commission's findings. In *Industrial Commission* v. *Evans*, 52 Utah 394, 174 Pac. 825, at page 832, this court, speaking through Mr. Chief Justice FRICK, in discussing the right of all parties interested to be heard before the commission concerning the facts upon which the ultimate liability of the employer is based, said:

"When those questions do not arise—and they necessarily can arise only in a few and exceptional instances—the findings and orders of the commission respecting the amount, terms, time, and condition of payment and the nature and extent of the injuries are necessarily final, and not subject to review by the courts."

If it be contended that the conclusions herein reached of necessity abridge the freedom of contract, it is sufficient answer that the authority of the Legislature to enact a workmen's compensation law is no longer open to question; that the provisions of such law, if constitutional, enter into and become a binding part of all contracts made between employers and employés. By the provisions of section 3151 of the act any agreement made in advance between an employer and an employé, releasing or limiting the liability of the employer in the event of injury, is not binding. The interests of society in the working of the act in question that will not permit a waiver of the right for compensation is also sufficient to prevent the settlement or payment of such compensation in any other manner except as provided by the act, and as may be lawfully determined by the commission under its provisions.

It follows that the writ should be denied, and the petition dismissed. Such is the order.

CORFMAN, FRICK, WEBER, AND THURMAN, JJ., concur.