## UTAH FUEL CO. v. INDUSTRIAL COMMISSION.

No. 3534. Decided December 4, 1920. (194 Pac. 122.)

1. MASTER AND SERVANT—FINDINGS ON SUBSTANTIAL EVIDENCE IN
   COMPENSATION CASE CONCLUSIVE. Under Comp. Laws 1917,
   § 3148, as amended by Laws 1919, c. 63, adding section 3148a,
   where there is some substantial evidence, as shown by the
   record, to support the findings of the Industrial Commission,
   the award will not be disturbed.[1]

2. CONSTITUTIONAL LAW—WORKMEN'S COMPENSATION ACT HELD CON-
   STITUTIONAL. The scheme of compensation for injury to work-
   men provided for by Comp. Laws 1917, § 3148, as amended by
   Laws 1919, c. 63, adding section 3148a, authorizing awards by
   an Industrial Commission, does not usurp the functions of the
   courts in violation of Const. art. 5, § 1, article 8, §§ 1, 5, and
   7, nor article 1, §§ 7 and 11.

3. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT HELD
   VALID. Comp. Laws 1917, § 3148, as amended by Laws 1919,
   c. 63, adding section 3148a, affording, through the Industrial
   Commission as an administrative body, speedy and adequate
   means of securing compensation to injured workmen or their
   dependents, is a valid exercise of the police power.

4. MASTER AND SERVANT—INDUSTRIAL COMMISSION HELD TO HAVE
   JURISDICTION TO DETERMINE DISPUTE AS TO INJURY TO COMPEN-
   SATION CLAIMANT. Where it was conceded that the relation-
   ship of employer and employee existed between the parties to
   a petition for compensation and that both were subject to the
   Industrial Commission Act (Comp. Laws 1917, § 3148, as
   amended by Laws 1919, c. 63, adding section 3148a), the em-
   ployer's denial of employee's injury did not require a dismissal
   of the petition as involving a dispute within the jurisdiction
   of the district court instead of the Industrial Commission,
   but the commission had jurisdiction to determine whether the
   injury arose out of and in the course of employment, and, if
   so, to make an award.

[1] *Industrial Commission* v. *Evans*, 52 Utah 394, 174 Pac. 825;
*Reteuna* v. *Industrial Commission*, 55 Utah 258, 185 Pac. 535;
*Geo. A. Lowe Co.* v. *Industrial Commission*, 56 Utah 519, 190 Pac.
934; *McVicar* v. *Industrial Commission*, 56 Utah 342, 191 Pac. 1089.

Proceeding before the Industrial Commission by Clyde L. Knighton, employee, opposed by the Utah Fuel Company, employer, and its own insurer.  An award was made, and the employer brought this original proceeding against the Industrial Commission to review the award.

AWARD SUSTAINED.

*Ferdinand Ericksen, H. J. Binch,* and *Ray & Rawlins,* all of Salt Lake City, for plaintiff.

*Dan B. Shields,* Atty. Gen., and *Morgan & Huffaker,* of Salt Lake City, for defendant.

CORFMAN, C. J.

This is an original proceeding brought by the plaintiff, Utah Fuel Company, to review an award made by the Industrial Commission of Utah under the provisions of title 49, Comp. Laws, Utah, 1917, as amended by chapter 63, Laws Utah 1919.

On the 14th day of January, 1920, one Clyde L. Knighton, hereinafter referred to as the applicant, filed a claim for compensation with the Industrial Commission wherein he alleged, among other things, that during the latter part of the month of January, 1919, he sustained an injury occasioned by an accident arising out of and in the course of his employment with the plaintiff.

The plaintiff, after notice pursuant to statute, appeared and answered the petition, denying that the applicant had been injured in an accident arising out of and in the course of his employment with the plaintiff, and to the contrary, alleging in substance that applicant was suffering with some injury received or illness had or condition existing long prior to his employment with the plaintiff.

A hearing was had before the Industrial Commission during the month of February, 1920, at which it was stipulated and agreed between the applicant and the plaintiff that the

plaintiff was an employer and its own insurance carrier, "subject to the provisions of chapter 100, Laws Utah 1917" (the Industrial Commission Act).

The average weekly wage of the applicant was also stipulated and agreed to between the contending parties. At the said hearing the applicant testified in substance that during the latter part of January, 1919, while engaged in the regular course of his employment with the plaintiff, in driving a horse used to move mine cars in plaintiff's coal mine at Sunnyside, Utah, the horse became excited and suddenly turned in such a manner as to cause the applicant to be tripped and to fall, whereby the ligaments and nerves of his left leg became slightly injured, and from which he afterward suffered as a result thereof a permanent partial paralysis of his said leg.

Opposing evidence on the part of the plaintiff was to the effect that the applicant's present condition was due to a hysterical nervous or psychic condition. The respective theories of the parties were supported by medical experts who widely differed as to the applicant's physical condition and present disability. The commission found for the applicant and awarded him compensation for disability and also for medical services rendered unto him.

After a rehearing had been applied for and denied, the plaintiff brought the matter to this court for review in the manner provided by statute.

The plaintiff assigns, as its reasons why the award should be vacated and set aside, the following, to wit:

"First. The grounds enumerated in section 3148, Compiled Laws of Utah 1917, as amended, i. e., (a) that the Industrial Commission acted without or in excess of its powers, and (b) that there was no evidence sustaining or tending to sustain the conclusion and decision of said commission that the paralyzed condition of applicant was proximately caused by an accident arising out of and in the course of his employment by defendant during the latter part of January, 1919, but on the contrary the evidence did establish that Knighton's diseased condition existed at the time he was employed by defendant fuel company, that the award of compensation based on its said decision was entirely without or

in excess of the power of the Industrial Commission, and therefore
null and void.

"Second. The defendant fuel company contends that the In-
dustrial Commission of Utah is an administrative body, author-
ized and empowered to exercise such functions as may be spe-
cifically delegated to it by law, and no other functions. The de-
fendant further contends that the so-called Compensation Act, to
wit, title 49, Compiled Laws of Utah 1917, as amended by chapter
63, Laws of Utah 1919, does not specifically, nor by implication,
delegate nor attempt to delegate to said Commission the power to
hear, consider and determine controversies between litigants as
to ultimate liability, or their property rights, and that the Indus-
trial Commission, in assuming the power to so hear, consider, and
determine the ultimate liability between the applicant and defend-
ant, unlawfully usurped judicial power, and that such usurpation
of judicial power by said commission violates those sections of
the Constitution of the State of Utah specifically delegating such
power to regularly constituted courts, to wit, article 5, § 1, article
8, §§ 1, 5, and 7.

"Third. That even though it is held that title 49, Compiled
Laws of Utah 1917, as amended by chapter 63, laws of Utah 1919,
actually does attempt, specifically or by implication, to vest said
Industrial Commission with power to hear, consider, and adjudge
with whom is the right of the cause, such attempted delegation of
power would be to constitute said commission in legal effect a
court; and, further, that the statutes creating and defining the
powers of the Industrial Commission do not protect the right of
employer or employee to have questions of fact involved in a con-
troversy between an employer and employee passed upon by any
court as provided by article 1, §§ 7 and 11, article 5, § 1, article 8,
§§ 1, 5, and 7, Constitution of the State of Utah, and is therefore
null and void."

It will be seen that the first contention made by plaintiff is
that the commission acted in excess of its powers in granting
to the applicant compensation, for the reason "that there
was no evidence sustaining or tending to sustain the conclu-
sion and decision of the commission" that the paralyzed con-
dition of the applicant was due to "an accident arising out of
and in the course of his employment" with the plaintiff.

The province of the Supreme Court in matters in review
of the awards of the Industrial Commission has so frequently
been discussed and passed upon in the former opinions of
this court that it would seem wholly unnecessary and need-

less repetition to again set forth the statutory provisions bearing on the question, or to cite the decided cases. However, as both counsel for the plaintiff and the Attorney General have in their presentation of the present case made very comprehensive and extended arguments in support of their respective positions, particularly with reference to the constitutional questions raised, we shall again set forth some of the provisions of our statutes which, in our opinion, govern, and shall also briefly and in a general way discuss what we believe to be the powers of the commission under them.

Section 3148, Comp. Laws Utah 1917, as amended by Section 3148a, c. 63. Laws of Utah 1919, provides, among other things, that our review of an award made by the Industrial Commission shall not be extended further than to determine whether or not:

"(1) The commission acted without or in excess of its powers. (2) If findings of fact are made, whether or not such findings of fact support the award under review. (3) The findings and conclusions of the commission on questions of fact shall be conclusive and final and shall not be subject to review; such questions of fact shall include ultimate facts and the findings and conclusions of the commission."

Bearing on the question of the sufficiency of the evidence to support the findings of the commission and its award in the present case, we have heretofore repeatedly held that where there is some substantial evidence, as shown by the record, to support the findings of the commission, the award made must not be disturbed. *Ind. Com.* v. Evans, 52 Utah 394, 174 Pac. 825; *Reteuna* v. *Ind. Com.*, 55 Utah 258, 185 Pac. 535; *Geo. A. Lowe Co.* v. *Ind. Com.*, 56 Utah 519, 190 Pac. 394; *McVicar* v. *Ind. Com.*, 56 Utah 342, 191 Pac. 1089.

But counsel contends that, because in the case at bar plaintiff denied the injury to the applicant and offered testimony in support of its denial, it therefore becomes the duty of this court, by reason of that fact, to vacate and set aside the award on the ground that the commission exceeded its powers and jurisdiction in proceeding to hear and determine such controversy. In short, that the commission had no

Certiorari.  Award Sustained

jurisdiction to render any decision nor to do anything more than to dismiss the applicant's petition. Further, the plaintiff contends that it is beyond the power of this court, as a reviewing court, to determine the question of plaintiff's liability, and that the only way it may be legally determined is by a district court regularly exercising its jurisdiction under the provisions of Article 8, § 5, of the State Constitution, and in the usual way.

We do not share in the views of counsel nor in the contention made by them that the mere fact that, when a dispute arises between an employer and employee (both concededly subject to the provisions of the Act) as to whether or not the employee suffered an accidental injury arising out of and in the course of the employment, the commission is thereby shorn of all its powers and may not rightfully take testimony, under the evidence make findings, and ultimately determine liability and make an award.

Every administrative body, if it is to function at all, must have some power and jurisdiction to determine for itself whether or not it may proceed in a given case, and this we think may be done without usurping the functions of the courts, so long as it does not act arbitrarily nor in excess of the express powers conferred by legislative enactment. Nor do we think, for the reasons assigned by the plaintiff, the act as amended is in violation of any of the provisions of either our state or the federal Constitution. The whole scheme of workmen's compensation laws in general is to place the risks of injury to workmen upon the industry in which they are engaged. Ultimately the loss, if any is sustained, will, as a matter of course, fall upon the consuming public. With that end in view; the loss is made to follow the injury, so long as not self-inflicted, regardless of the fault of the employer or of the employee. That this may be accomplished by appropriate legislative enactments without usurping the functions of the courts or offending the constitutional rights of the citizen has been so often fully determined by the adjudications of courts, both state and federal, that generally speaking these legislative enactments

do not any longer warrant an extended review.

If the position taken by counsel in the present case is tenable, then in every instance where the applicant is injured, and the employer denies the fact, the commission must dismiss his petition for compensation, and the matter in dispute, if to be settled and determined at all, must be taken to the courts in the usual way for final disposition. Such is not in keeping with the purpose of the enactments, nor the basic principles upon which they are founded. They are intended to afford, through administrative bodies, injured industrial workmen or their dependents speedy and adequate means of securing compensation which the more humane and moral conception of our time requires. They are predicated on the police power inherent in every sovereignty—the power to legislate and govern for the best interests of the state. 1 Honnold, Workmen's Comp. § 12, p. 58.

In the present case as pointed out, it was conceded that the relationship of employer and employee existed between the plaintiff and the applicant. It was likewise conceded that both the plaintiff and the applicant were subject to the provisions of the Industrial Commission Act. These facts being conceded, we think the commission under the circumstances of this case, had jurisdiction and the power to proceed to investigate and determine whether or not the applicant had received an injury arising out of and in the course of his employment with the plaintiff, and, if so, make an award under the statute. Having done so, and there being substantial evidence, as shown by the record, to support the findings and conclusions and the award made by the commission, this court may not disturb the award.

The award is therefore sustained, with costs.

FRICK, WEBER, GIDEON, and THURMAN, JJ., concur.