Razor Co. v. Guymon.

No. 23,931.

THE FOUR-S RAZOR COMPANY, *Appellant,* v. E. T. GUYMON, *Appellee,* et al.

### SYLLABUS BY THE COURT.

1. CORPORATION—*Failure to Comply with Statutory Requirements—Forfeiture of Charter.* It is within the power of the legislature to provide that the failure of a corporation to comply with certain prescribed requirements and duties, shall work a forfeiture of its charter and end its corporate existence without the judgment of a court.

2. SAME—*Forfeiture of Charter—Power of Legislature.* The enactment that the failure of a corporation to make annual statements and pay a prescribed fee within a fixed time shall work a forfeiture of its charter and that .the· state charter board may then declare the charter to be forfeited, is within the constitutional power of the legislature, and when the declaration is made it ceases to be a corporation.

3. SAME—*Presumption of Official Regularity.* In the absence of evidence to the contrary it will be presumed that the action of the state charter board was regularly and legally taken.

Appeal from Reno district court; LITTLETON M. DAY, judge *pro tem.* Opinion filed March 11, 1922. Affirmed.

· *F. Dumont Smith,* and *Eustace Smith,* both of Hutchinson, for the appellant.
*C. M. Williams,* and *D. C. Martindell,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The contention on this appeal is that the trial court erred in sustaining defendant's plea in abatement and in dismissing plaintiff's action against E. T. Guymon to recover damages for the conversion of certain bonds of the plaintiff. C. A. Ryker, who had been appointed trustee in a bankruptcy proceeding against the plaintiff, was made a party, but he has taken no appeal and is not contending here. The plaintiff was organized as a corporation in December, 1915, and for noncompliance with statutory requirements in respect to filing annual statements and the payment of annual fees the charter board entered an order declaring a forfeiture of its right or authority to do business under the charter. No action for the dissolution of the plaintiff corporation has ever been brought in any court. The plaintiff was adjudged a bankrupt on June 25, 1918, and in August, 1918, all of its assets were sold to a trust company acting for the holders of the bonds of the plaintiff for the sum of $3,600. This was the total consideration for the sale of all the assets owned by the company and was distributed among and paid to the general creditors of the plaintiff upon an order of the

referee in the bankruptcy proceeding. In that proceeding the plaintiff was discharged as a bankrupt on October 23, 1918, but it appears that the trustee has not been discharged. By reason of the facts recited and on which there is no disagreement the court upheld the plea in abatement, holding that plaintiff had ceased to exist as a corporation and was without authority to maintain the action, and thereupon dismissed it.

The only question involved here is whether the plaintiff is without authority to maintain the action by reason of the declaration of forfeiture made by the charter board or whether it may proceed to wind up its business and bring suits such as this one to accomplish that purpose. The statute provides that if a corporation fails to file the required report with the secretary of state or to pay the prescribed fee, it shall be subject to certain penalties which may be recovered in an action brought by the state. Another provision is that the state charter board may in its discretion, with the consent of the governor, remit the penalty or any part of it imposed under this section. (Gen. Stat. 1915, § 2173.) Other sections of the statute provide that any corporation questioning the amount of the fees charged has a right to a hearing of the matter before the secretary of state, and if aggrieved by his decision may appeal to a tribunal composed of the governor, attorney-general and bank commissioner. (Gen. Stat. 1915, §§ 2174, 2175.) The provision relating to forfeiture is:

". . . The failure of any domestic corporation to file the annual statement and to pay the annual fee herein provided for within 90 days of the time for filing and paying the same shall, in addition to other penalties, work the forfeiture of the charter of such corporation organized under the laws of this state and the charter board may at any time thereafter declare the charter of such corporation forfeited; and upon the declaration of any such forfeiture it shall be the duty of the attorney-general to apply to the district court of the proper county for the appointment of a receiver to close out the business of such corporation." (Gen. Stat. 1915, § 2172.)

Plaintiff insists that the failure to make the required reports and pay the fees does not *ipso facto* work a forfeiture of its charter rights. Under the statute these omissions are causes of forfeiture but the existence of grounds of forfeiture does not terminate corporate life. The corrective power of the state may be exercised by an action to recover the fees and by the imposing of penalties, and if the corporation questions the amount of the fees it may appeal from the decision of the secretary of state. While noncompliance with the re-

quirements as to reports and the payments of fees constitutes grounds for forfeiture which the state may enforce, it does not lose its corporate character until the existence of the grounds has been determined and declared in the manner provided by law. The statute provides that this may be done by the state charter board. Corporate life may also be ended in certain cases by a vote of the stockholders (Gen. Stat. 1915, § 2181), by the expiration of the time limited in its charter (§ 2183) and by a judgment of a court in an action brought by the state upon charges that the corporation is abusing its privileges or is insolvent (§ 2182). It is competent for the legislature which provided for the creation of corporations to also provide that particular omissions or acts should operate to end its existence and to make these provisions self-executing. In order that such acts and omissions of a corporation shall work a forfeiture it must appear plainly from the language employed in the statute that it was the legislative purpose to end the existence of the corporation in that way. The legislature may provide for a legislative or administrative forfeiture as well as for a judicial one. The plaintiff organized under the general laws of the state and it accepted the privileges granted upon the conditions prescribed by the legislature, one of which was that its existence might be terminated by the omissions mentioned. It owes its existence to the state, and the sovereign power that created it may prescribe the circumstances which will operate as a forfeiture of the granted rights. That the state has reserved this power over corporations is shown by the constitutional provision that "corporations may be created under general laws; but all such laws may be amended or repealed." (Art. 12, § 1.) The question was before the court of appeals of New York and it was there said:

"The general principle is not disputed that a corporation, by omitting to perform a duty imposed by its charter or to comply with its provisions does not *ipso facto* lose its corporate character or cease to be a corporation, but simply exposes itself to the hazard of being deprived of its corporate character and franchises by the judgment of the court in an action instituted for that purpose by the attorney-general in behalf of the people; but it cannot be denied that the legislature has the power to provide that a corporation may lose its corporate existence without the intervention of the courts by any omission of duty or violation of its charter or default as to limitations imposed, and whether the legislature has intended so to provide in any case depends upon the construction of the language used." (*Brook'n Steam Transit Co. v. City of Brook'n,* 78 N. Y. 524, 529. See, also, *Matter of B., W. and N. Railway Co.,* 72 N. Y. 245; *Los Angeles Ry. Co. v. Los Angeles,* 152 Cal. 242;

*Kaiser Land and Fruit Co. v. Curry,* 155 Cal. 638; *Commonwealth v. Lykens Water Co.,* 110 Pa. St. 391; *Nicolai v. Md. Agricul. Assn.,* 96 Md. 323.)

Authorities are cited holding that, before a corporation can be deprived of its corporate privileges, the grounds of forfeiture must be judicially ascertained and a judgment of dissolution rendered. The conflict in the authorities arises mainly from the language employed by the legislature in the statutes under which the corporations are created and operate. In the absence of a special statute providing for a legislative or administrative declaration of forfeiture it can only be enforced by resort to a judicial tribunal, and the mode of declaring or adjudging a forfeiture depends upon the terms of the statute or charter under which the corporation exists. In 8 Fletcher Cyclopedia Corporations, § 5427, the power of the legislature as to forfeiture and the effect of statutes passed to that end are discussed as follows:

, "There is considerable conflict in the decisions as to whether certain provisions in charters or statutes are so self-executing as to make the act, omission or occurrence as to which provision is made, operate of itself, and without resort to the courts, as a forfeiture or dissolution terminating the existence of the corporation. No doubt the language used in the statute or charter may be so broad as to show an intention to make the happening of the event itself operate as a dissolution or forfeiture, and that a statute making a ground of forfeiture self-executing is constitutional, provided the power to repeal the charter is vested in the legislature, but the courts, at least in most states, require strong and unmistakable language to effect such a result, and in most of the cases where the question has arisen it has been held that the ground is not self-executing."

(See the numerous authorities collected by that author in support of the text.)

The language of the act in question clearly evinces the legislative intention to be that a forfeiture may be declared and enforced without resort to the courts. The act prescribes that certain omissions and defaults shall work a forfeiture and for these the state charter board may declare the forfeiture. That board is thereby given authority to determine the existence of the grounds, and if found to exist, to terminate the life of the corporation by a declaration of forfeiture.

It is argued that its corporate life cannot be ended without notice or a hearing. There is nothing in the record as to the steps that were taken to collect the fees or as to the notice that was given to the plaintiff as to the inquiry and determination of the state charter

board. However, in the absence of evidence to the contrary it will be presumed that the action of the board was regularly and legally taken. (*Head v. Daniels,* 38 Kan. 1, 15 Pac. 911; *Harrod v. Burke,* 76 Kan. 909, 92 Pac. 1128.) It may be remarked that the fact that the corporation has ceased to exist does not prevent the settlement of the corporate affairs and the winding up of its business. Upon dissolution, the attorney-general may apply to a court for the appointment of a receiver to close up the corporate affairs (Gen. Stat. 1915, § 2172), and there is a further provision that if a receiver is not appointed, the president and directors or managers of the affairs of the corporation at the time of the dissolution shall be trustees of the creditors and stockholders with full power to settle the affairs and collect outstanding debts and divide the moneys or other property among the stockholders, and for these purposes may maintain and defend actions in the courts. (Gen. Stat. 1915, § 2184.)

The judgment of the court sustaining the plea in abatement is affirmed.