Razor Co. v. Guymon.

No. 24,683.

THE FOUR-S RAZOR COMPANY, *Appellee*, v. E. T. GUYMON, *Appellee*,
C. A. RYKER, as Trustee, *Appellant*.

### SYLLABUS BY THE COURT.

ACTION IN NAME OF DEFUNCT CORPORATION—*Action Abated—Action on Intervener's "Answer and Cross Petition" Also Abated.* A suit was brought in the name of a defunct corporation to recover damages for conversion of corporate property. A trustee in bankruptcy of the corporation intervened, and prayed for an allowance out of plaintiff's judgment. The action was abated for want of a plaintiff with capacity to sue. *Held,* the trustee's intervention was also abated.

Appeal from Reno district court; LITTLETON M. DAY, judge, *pro tem.* Opinion filed July 7, 1923. Affirmed.

*F. Dumont Smith, Eustace Smith, J. S. Simmons,* and *Stuart Simmons,* all of Hutchinson, for the appellant.

*C. M. Williams, D. C. Martindell,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by the Razor Company, which had been a corporation, against Guymon, to recover damages for conversion of corporate property. When the action was commenced, a trustee in bankruptcy for the corporation had been appointed. Besides asking judgment against Guymon, the petition prayed that the trustee be made a party, and be required to set up his interest in the subject of the action. The trustee answered, praying judgment for an allowance out of plaintiff's judgment sufficient to pay claims against the estate of the bankrupt, and costs. The action was abated because when it was commenced the corporation had no legal existence. On appeal, the judgment of the district court abating the action was affirmed. (*Razor Co. v. Guymon,* 110 Kan. 745, 205 Pac. 635.) The trustee then asked for a trial on his pleading. This was denied, and he appeals.

Guymon's objections to permitting the trustee to litigate with him raised some interesting questions of bankruptcy law. It is not necessary to consider them because, as Guymon also claimed, when the action abated for want of a plaintiff, nothing remained to engage the attention of the court.

The trustee's pleading was entitled "Answer and Cross Petition."

After reciting the adjudication in bankruptcy, selection and qualification of the trustee, allowance of claims, pendency of other claims, and probable expense of the bankruptcy proceeding, the pleading continued as follows:

"This defendant, further answering herein, makes all the allegations of plaintiff's first, second and third count, as set out in its petition, a part of his answer, and further alleges that, out of whatever amount recovered against this defendant, E. T. Guymon, there should be ordered paid to this trustee in bankruptcy a sum sufficient to pay all the claims in bankruptcy, and said expenses, not less than the sum of $14,500.

"Wherefore, this defendant prays for judgment against said defendant and in favor of the plaintiff, as prayed in said petition, and a further judgment decreeing this defendant to be entitled to such an amount of said judgment as will pay all said claims, interest, and costs, and for such other relief as is just and equitable."

The first, second and third counts of the petition contained statements of the corporation's various causes of action against Guymon. Evidently the trustee referred to them as the foundation for his claim to a portion of whatever judgment the corporation might recover. They disclosed that the estate which came into the trustee's hands for the benefit of creditors had been depleted. No purpose whatever is manifested to proceed independently in the corporation's action, to obtain, on the same state of facts, another and separate judgment against Guymon for a portion of the damages. The substantive part of the pleading was that, out of whatever damages the corporation recovered from Guymon, the trustee should have not less than $14,500. The prayer was, not that the trustee have judgment against Guymon, but that the corporation have judgment against Guymon, and then that the trustee have judgment against the corporation for such portion of the corporation's judgment as might be necessary to close up the bankruptcy proceeding. The cross petition was directed against the corporation. No issue was raised between the trustee and Guymon, and when the corporation's action abated, the trustee's intervention came to an end.

No appeal was made to the court's discretion for permission to substitute the trustee for the corporation, as plaintiff, or to recast the pleading in such way as to convert the action into one by the trustee against Guymon, and the litigation is necessarily at an end.

The judgment of the district court is affirmed.