CITIZEN'S CLUB v. WELLING, Secretary of State.

No. 5182.   Decided November 15, 1933.   (27 P. [2d] 23.)

*Geo. P. Parker,* Atty. Gen., and *M. Logan Rich,* Deputy Atty. Gen., for appellant.

*O. L. Huntsman,* of Salt Lake City, for respondent.

STRAUP, Chief Justice.

This appeal involves the question of the validity of section 898X, c. 111, Laws of Utah 1925, an amendment to Comp. Laws Utah 1917 as amended by chapter 14, Laws of Utah 1923. The amendment drawn in question reads:

"The secretary of state shall require proof from any social club, recreational or athletic association, or kindred association, incorporating under the provisions of Chapter 1, Title 19, Compiled Laws of Utah, 1917, as amended and re-enacted by Chapter 14, Laws of Utah, 1923, that such club or association is a bona fide club or association, the object of which is not for pecuniary profit, that it is organized with actual participating members, and that it shall not be used for permitting gambling or any other violation of law or ordinance. *If it is afterwards shown to the satisfaction of the secretary of state after he shall have held a hearing thereon of which notice shall have been given to such club or association that any such social club, recreational or athletic association, or kindred association, was actually organized for a pecuniary profit, or that such association or corporation was or is actually used for gambling or performing other acts in violation of law or ordinance, the secretary of state shall revoke the charter of such corporation."*

It is urged that the italicized portion of the amendment confers judicial power on the secretary in violation of section 1, art. 5, and of section 1, art. 8, of the state Constitution, Section 1 of article 5 is as follows:

"The powers of the government of the State of Utah shall be divided into three distinct departments, the Legislative, the Executive, and the Judicial; and no person charged with the exercise of powers properly belonging to one of these departments, shall exercise any functions appertaining to either of the others, except in the cases herein expressly directed or permitted."

Section 1 of article 8:

"The Judicial power of the State shall be vested in the Senate sitting as a court of impeachment, in a supreme court, in district courts,

in justices of the peace, and such other courts inferior to the Supreme Court as may be established by law."

The county attorney of Millard county, on September 26, 1930, filed an affidavit with the secretary of state wherein the affiant, among other things, deposed that the Citizens' Club is a social club and a corporation organized under the laws of Utah not for pecuniary profit, with its principal place of business at Delta, Millard county; that on or about August 13, 1930, "the Citizens Club, a corporation, by and through its officers, did wilfully, unlawfully and knowingly permit gaming at and within its principal place of business, by then and there allowing and permitting a certain game of cards to be played for money or other representative of value, all contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Utah"; that the Citizens' Club by and through its officers "did knowingly permit certain persons, non-members of its organization, to enter its place of business or meeting place, and did then and there receive and accept from said non-members money in exchange for the privilege of playing pool on the tables provided for the use of its members, all of which is contrary to the provisions of the statutes under which said corporation received its charter."

Upon the filing of the affidavit, the secretary of state issued a citation to the club in which the substance of the affidavit was stated and caused the citation together with a copy of the affidavit to be served on the club requiring it to appear at a stated time before the secretary at his office and show cause why its charter should not be revoked. The club appeared and filed a motion to quash the citation, principally on the ground that the secretary was without jurisdiction to hear or determine the issue or matter presented by the affidavit, for the reason that the statute referred to and under which the secretary was attempting to proceed to hear and determine the issue, was invalid because conferring "judicial power" on the secretary, in violation of the constitutional provisions. The motion was overruled

and the matter heard by the secretary. In his order revoking the charter it is recited that the motion of the club to quash the citation was denied and "the respective parties having submitted oral testimony in support of their respective contentions, and the matter having been submitted without argument, and the complainant having submitted clear and satisfactory proof that the Citizens Club permitted gambling in its place of business and had operated games of pool and cards for pecuniary gain as charged in the complaint aforesaid," whereupon, "in consideration of the evidence aforesaid and pursuant to the provisions of the statutes aforesaid, it is ordered that the charter of the Citizens Club be, and the same is hereby revoked."

Thereafter the club by the district court was granted a writ of certiorari to review the proceedings so had before the secretary and annul the order of revocation made by him. About the only matter presented to and considered by the district court was the claimed invalidity of the statute on the ground that it conferred judicial power on the secretary in violation of the constitutional provisions. Upon such review and upon such ground the order of revocation of the charter of the club was annulled and vacated and a judgment entered accordingly, from which the secretary has prosecuted this appeal. The principal question—about the only question—presented on the appeal is with respect to the claimed invalidity of the statute. By the secretary it is contended that no "judicial power," within the meaning of the constitutional provisions, was by the statute conferred upon him. The contrary is contended by the club. To support his contention, the secretary cites and relies chiefly on the following cases: *Land Owners* v. *People,* 113 Ill. 296; *De Camp* v. *Archibald,* 50 Ohio St. 618, 35 N. E. 1056, 40 Am. St. Rep. 692; *Wheeling & E. G. R. Co.* v. *Town of Triadelphia,* 58 W. Va. 487, 52 S. E. 499, 4 L. R. A. (N. S.) 321; *People* v. *Sanders,* 102 Cal. App. 237, 283 P. 136; *State* v. *Ross,* 31 Wyo. 500, 228 P. 636; *Utah Fuel Company* v. *Ind. Comm.,* 57 Utah 246, 194 P. 122; *People* v. *Sacra-*

*mento Drainage District,* 155 Cal. 373, 103 P. 207; *Four-S-Razor Co.* v. *Guymon,* 110 Kan. 745, 205 P. 635, 636; *A. R. Young Construction Co.* v. *Dunne,* 123 Kan. 176, 254 P. 323, 324; *Hawley* v. *Bonanza Queen Min. Co.,* 61 Wash. 90, 111 P. 1073; *Garrett* v. *Pilgrim Mines Co.,* 47 Idaho 595, 277 P. 567; *State ex rel.* v. *Culbertson Ferry Co.* v. *District Court,* 49 Mont. 595, 144 P. 159.

The club principally cites the following: Anderson's Law Dictionary, 578; *Ritchie* v. *Richards,* 14 Utah 345, 47 P. 670; 11 C. J. 121; *Lansdon* v. *State Board of Canvassers,* 18 Idaho 596, 111 P. 133; *State ex rel Board of County Commissioners* v. *Dunn,* 86 Minn. 301, 90 N. W. 772; *State* v. *Ansel,* 76 S. C. 395, 57 S. E. 185, 11 Ann. Cas. 613; *Ormsby County* v. *Kearney,* 37 Nev. 316, 142 P. 803; *Flint & Fentonville Plank Road Co.* v. *Woodhull,* 25 Mich. 99, 12 Am. Rep. 233.

Both parties agree that the term "judicial power" as employed in the Constitution is not capable of precise definition, and what is judicial, and what not, is largely to be determined by the nature or character of the function or power conferred and exercised or to be exercised. From the cited cases by the appellant we may deduce these principles: That while the term "judicial power" embraces all suits and actions whether public or private, it does not necessarily include the power to hear and determine matters not necessarily in the nature of a suit or action between parties; that the term does not apply to those cases where the judgment is exercised or is to be exercised as a mere incident to the execution of a ministerial power or duty; that power to hear and determine matters more or less affecting public and private rights may be conferred upon and exercised by administrative and executive officers without offending constitutional provisions relating to the judicial power vested in the courts; that in such particular, there are various board and commissions which under legislative acts function as a part of the executive or administrative branch

of the government, and in doing so such officers frequently are required to construe the law, ascertain facts, and make decisions which more or less call for the exercise of a judicial or quasi-judicial function or power, but which do not infringe constitutional provisions such as here drawn in question; that while the courts have undoubted power to revoke and annul charters granted to corporations on grounds, among others, of an illegal or wrongful exercise or use of such charters, yet it also is competent for the Legislature to provide for a legislative or administrative forfeiture of the charter as well as for a judicial one; but in the absence of a statute providing for a legislative or judicial declaration of a forfeiture, the forfeiture or annulment of a charter can be declared and enforced only by resort to a judicial tribunal.

Speaking generally, the authorities cited by the respondent do not make against such principles or doctrines. Some of them deal merely with the remedy by certiorari and a restriction of a review thereunder to ascertain whether the inferior court, or other tribunal or board, etc., acted without or in excess of jurisdiction or had not regularly pursued its authority; and that on such review, the proceedings had or action taken will not be disturbed where discretionary powers were conferred and a sound discretion exercised. In such connection, some of the cited cases consider the subject of whether the proceedings reviewed involved the exercise of a discretionary power or otherwise. The cases of *Flint & Fentonville Plank Road Co.* v. *Woodhull,* supra, and *Ormsby County* v. *Kearney,* supra, are somewhat different, and to some extent are here applicable, yet on their facts may well be distinguished from the case in hand. In the Plank Road Company Case, a private act was passed by the Legislature incorporating the company for a period of sixty years, with power to lay out and construct a plank road, etc., but provided that the Legislature, after the expiration of thirty years, could alter, amend, or repeal the act, but if made to appear to the Legislature that there was

a violation by the company of the provisions of the act it could sooner be repealed. Twenty-three years after the act was passed the Legislature repealed the act, without notice to the company or to any of its officers, without any investigation had as to the violation of any provision by the company, and without any tribunal, legislative or judicial, having heard or passed on the question of any such violation. The circuit court upheld such legislative repeal. The Supreme Court reversed the judgment and granted a new trial. Among other things the Supreme Court said:

"It is conceded in the present case that the fact of corporate abuse was to be found before the charter could be taken away. The repealing act, however, is only a sentence. It inflicts the penalty of corporate death, without in any way declaring or intimating, except by the penalty, that the corporation has been found worthy of death."

Upon considering the matters involved, the court further observed:

"We are constrained, therefore, from all these considerations, to say that the determination whether a corporation has violated its charter is judicial in its nature. It requires the action of those tribunals which must hear before they condemn, and must proceed upon inquiry. If it were properly legislative, it may be that the legislature must be presumed to have given a hearing; but the fact, as we have seen, in this case, is otherwise, and the cases in which presumptions are to be indulged against the facts, ought not to be multiplied. It is sufficient to say that, in our opinion, the case is one in which the party is entitled to a trial of right *in fact*, and cannot be put off with one which rests exclusively in a presumption of law, indulged against the fact. The violation of the charter cannot be legally made to appear, except on trial in a tribunal whose course of proceeding is devised for the determination of questions of this nature.

"We think this the fair construction of that clause of the charter which is in question. It is not to be presumed that the legislature designed to take upon itself judicial powers; and as the act does not necessarily require that construction, it should not be given it. We must suppose that an inquiry in some proper form was contemplated, by means of which and on fair trial it should be made to appear to the legislature that a cause existed justifying repeal. Any other view renders the stipulation worthless as a protection; but this view protects the interests of corporators, and at the same time enables the

legislature to exercise its power of taking away the charter, even though the violation of corporate duty might not be of that serious character which would seem to justify declaring a forfeiture on judicial proceedings instituted, independent of this clause. The repealing act, it must be assumed, was passed through inadvertence, and probably under the impression that the charter, like many others in this state, was subject to repeal in the legislative discretion."

It is thus seen that the Legislature by the act incorporating the company or otherwise had not provided any method or procedure to determine whether the company had or had not violated any provision of its charter, and in the absence of a statute in such particular, the only method of ascertaining such a violation and declaring a forfeiture of the charter was a resort to the courts.

In *Ormsby County* v. *Kearney,* supra, the court considered a statute to regulate the distribution of waters of the state and in such connection conferring certain powers on the state engineer. The action was one to restrain the engineer from taking proceedings under the water law to determine rights of the complainants and others to appropriations of water of the Humboldt river. From an order denying the motion to set aside a temporary injunction, the state engineer appealed. The Supreme Court affirmed the judgment, but in some particulars modified the order. The effect of the holding was that in so far as the statute attempted to confer power upon the state engineer to interfere with vested rights, etc., and to affect or destroy property rights of water appropriators or users and make his orders and rulings conclusive on the parties, it was unconstitutional as impairing constitutional powers of the courts; that while it was competent for the Legislature to provide means and methods of regulation and distribution of the waters, yet it could not confer power on the state engineer to interfere with vested rights or make his rulings and orders final. The subject-matter dealt with by the Nevada court we think was entirely different from that here under consideration.

The effect of the holding in *State ex rel. Board of County*

*Commissioners* v. *Dunn,* supra, is that certiorari will lie to review rulings made by the board in determining whether particular property was assessable in one county or in another. No point is here made that the proceeding by certiorari was not a proper remedy or that the order of the secretary declaring a forfeiture of the charter was final and not subject to review. The secretary on this appeal makes no such contention, and were such made, it would be untenable.

Let it be conceded that the adjudicated cases are not in complete harmony as to whether a particular authority or power conferred upon and executed by executive or administrative officers is merely the exercise of a power incidental to the discharge of a ministerial or administrative duty, or whether it constituted the exercise ■ of a judicial power in violation of constitutional provisions. We, however, are of the opinion that the views expressed in the cases cited by the appellant are sustained by the weight of judicial authority. The term "judicial power of courts" is generally understood to be the power to hear and determine controversies between adverse parties and questions in litigation. Merely to say that judicial power is "a power to hear and determine" is not decisive of the question. It is all that. Still administrative and executive officers often are required to hear and determine many facts upon which their action is based but which is not judicial in the sense that it belongs exclusively to the courts. *Cameron* v. *Parker,* 2 Okl. 277, 38 P. 14. The judicial power vested by the Constitution in courts does not necessarily include the discretionary or denominated quasi-judicial authority vested in such boards as the board of dental examiners, which is merely a necessary incident of administrative duty. *State ex rel. Milwaukee Medical College* v. *Chittenden,* 127 Wis. 468, 107 N. W. 500; *Conover* v. *Gatton,* 251 Ill. 587, 96 N. E. 522. The Arizona court, in the case of *Alabam's Freight Co.* v. *Hunt,* 29 Ariz. 419, 242 P. 658, in substance held that what is "judicial power" cannot be brought within

"a ring fence of a definition"; that it is undoubtedly power to hear and determine, but that is not peculiar to the judicial office; that many of the acts of administrative and executive officers involve the exercise of the same power; and that the authority to ascertain facts and apply the law to the facts when ascertained appertains as well to the other departments of the government as to the judiciary. In *Tracy* v. *Commissioner of Internal Revenue* (C. C. A.) 53 F. (2d) 575, it was held that executive and administrative officers in determining facts and applying thereto the law as they construe it do not exercise "judicial power" within the Federal Constitution and laws. In *Oren* v. *Swift & Co.*, 330 Mo. 869, 51 S. W. (2d) 59, the Missouri court held that sections of the Compensation Act empowering the Compensation Commission to determine certain questions of fact and apply the Compensation Act thereto were not unconstitutional as vesting the Commission with judicial power. In the case of *Borgnis* v. *Falk Co.*, 147 Wis. 327, 133 N. W. 209, 219, 37 L. R. A. (N. S.) 489, the court said:

"We do not consider the Industrial Commission a court, nor do we construe the act as vesting in the commission judicial powers within the meaning of the Constitution. It is an administrative body or arm of the government, which in the course of its administration of a law is empowered to ascertain some questions of fact and apply the existing law thereto, and in so doing acts quasi judicially; but it is not thereby vested with judicial power in the constitutional sense."

In *Purviance* v. *Compton,* 94 Cal. App. 277, 271 P. 120, it was held that a hearing and determination by a board of chiropractic examiners as to whether a chiropractic practitioner was guilty of acts warranting revocation of his license did not constitute the exercise of judicial power within constitutional provisions.

So in this jurisdiction it several times has been held that under our Workmen's Compensation Act (Comp. Laws 1917, § 3061 et seq. as amended) the power conferred on the Industrial Commission to hear evidence, make findings, and render decisions granting or refusing awards was not the

exercise of a judicial power in violation of the constitutional provisions referred to. *Utah Fuel Co.* v. *Ind. Comm.*, 57 Utah 246, 194 P. 122; *Reteuna* v. *Ind. Comm.*, 55 Utah 258, 185 P. 535. That while the commission is largely an administrative body, yet it is vested with the exercise of quasi-judicial powers within limits fixed by the statute, to proceed with a cause and hear and determine as between the employer and his injured servant the matters and things prescribed by the statute, among them, the relation of employer and employee, whether the injury was accidental and arose out of or in the course of employment, the extent of injury or disability, etc., and to award and fix compensation as by the act provided. *Aetna Life Insurance Co.* v. *Ind. Comm.*, 66 Utah 235, 241 P. 223.

Under a statute of this state power is conferred upon the department of registration to hear and determine charges of unprofessional conduct relating to the practice of medicine and surgery, dentistry, optometry, etc., and to revoke licenses to practice if the charges are sustained by sufficient competent evidence. All that requires a hearing to ascertain the facts concerning the charge, though it may involve conduct or acts constituting a crime. The public utilities commission, though an administrative branch of government, yet in many particulars is required to hear and determine matters coming before it and where in many instances quasi-judicial powers are required to be and are exercised by it.

To hold that the act here in question is invalid because conferring judicial power upon the secretary of state in violation of the constitutional provisions, requires a holding that the acts of the Legislature conferring power and discretion upon the various boards and commissions referred to, likewise are invalid because conferring judicial power upon them in violation of the Constitution. The contrary has been held by this court and so are the authorities generally.

Apparently, the views entertained by the trial court were that while it was competent for the Legislature to confer on an administrative officer or board power to revoke corporate charters for an omission or failure to pay a license fee, etc., yet not to revoke a charter for a misuse or an abuse thereof; that the former by legislative enactments and in character are self-executing while the latter are "inquisitorial and are practically the same as the court itself would exercise in an action of quo warranto or inquest of office" or other direct proceeding to revoke a charter for an illegal or wrongful use made of it, which, as held by the court, involved the exercise of judicial power within the meaning of the Constitution. Whatever force there may be to such views, we think them answered by the cases heretofore referred to and especially by the cases of *Four-S-Razor Co.* v. *Guymon, supra,* and *A. R. Young Construction Company* v. *Dunne, supra.* In the first the court said that:

"It is competent for the Legislature which provided for the creation of corporations to also provide that particular omissions or acts should operate to end their existence, and to make these provisions self-executing. * * * The Legislature may provide for a legislative or administrative forfeiture, as well as for a judicial one. * * *

"The language of the act in question clearly evinces the legislative intention to be that a forfeiture may be declared and enforced without resort to the courts. The act prescribes that certain omissions and defaults shall work a forfeiture, and for these the state charter board may declare the forfeiture. That board is thereby given authority to determine the existence of the grounds, and, if found to exist, to terminate the life of the corporation by a declartion of forfeiture."

In the second the court stated:

"It is competent for the Legislature to provide that a corporation shall lose its existence by acts or omissions, the forfeiture to be declared by adminstrative officers without the intervention of the courts. If the corporation violates the statutory conditions by acts or omissions which the Legislature has in plain terms declared shall operate as a forfeiture upon a declaration of a board or of ministerial officers, the forfeiture is complete when the declaration is made."

We think the language used in respect of the statutes there considered is here applicable.

We thus are of the opinion that the court below erred in holding the act in question invalid, that the judgment should be reversed, and the case remanded to the district court. with directions to enter a judgment affirming the order of the secretary of state declaring a forfeiture of the charter. Such is the order. Costs to appellant.

ELIAS HANSEN, FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.