# LIVINGSTON v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 4428.   Decided November 27, 1926.   (251 P. 368.)

*Samuel G. Clawson,* of Salt Lake City, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for defendants.

GIDEON, C. J.

This is a proceeding to review an award made by the Industrial Commission denying compensation to plaintiff, George D. Livingston. The commission's findings and conclusions are:

"The applicant alleges that on or about the 2nd day of December, 1925, while regularly employed by the Mercer Cheese Company, and while engaged with Mr. Mercer, the proprietor, and while unloading an ice box, sustained a hernia on the left side.

"Findings: In accordance with the evidence submitted we find the following to be the facts: That Mr. G. D. Livingston did not report to his employer at the moment of the injury that he sustained a hernia. The applicant alleges that he told him the next day. The applicant also testified that at the moment he alleges he strained himself that he did not pause, did not stop work, notwithstanding the fact that at the moment of the alleged injury the applicant and the employer were working together. It was not mentioned to the employer at the time of the alleged accident and injury.

"Conclusions: The commission feels that, in cases of this character where an applicant alleges that he sustained a hernia by reason of his employment, it is necessary that the injured employee report the matter at once at the time of the occurrence.

"After taking into consideration the evidence and all the circumstances in this case, the commission feels that applicant's claim for compensation should be denied, as it does not conform to the rules promulgated by the commission in hernia cases.

"Wherefore it is ordered that applicant's claim for compensation be and the same is hereby denied."

Comp. Laws Utah, 1917, § 3148, as amended by chapter 67, Laws Utah 1921, gives to any person dissatisfied with the decision of the Industrial Commission the right to have the same reviewed by this court on an application made

within the time specified in that section. It is further provided in subdivision (b) of that section that—

"The review shall not be extended further than to determine whether or not: First, the commission acted without or in excess of its powers. Second, if findings of fact are made, whether or not such findings of fact support the award under review."

The applicant here challenges the order of the commission on both grounds enumerated in the statute.

That applicant was afflicted with hernia and was operated upon for that trouble after the alleged accident is not in dispute; that he was employed by an employer subject to the Workmen's Compensation Act is likewise conceded. All other jurisdictional facts are likewise admitted. The applicant testified that at or about the hour of 7:30 a. m. of December 2, 1925, while he and his employer were lifting an ice box from a Ford truck, he felt a sharp pain in the region of the groin on his left side; that he made no statement of having felt any pain or of having received an injury at the time of the alleged accident, but continued on with his work during the day; that in the evening of the day of the alleged accident, and after he had returned home, he noticed a small swelling on his left side about half the size of an egg; that on the following morning he reported his condition to his employer, Mr. Mercer, and stated to him the time and place that he felt the pain. December 2nd was on a Wednesday. On the following Saturday applicant was examined by his physician and was then, upon the advice of his physician, operated on for hernia. Loss of time and the hospital and medical expenses connected with this operation are the basis of applicant's claim for compensation. Written statements of two physicians were, by stipulation, read into the record as evidence before the commission, one by Dr. C. F. Pinkerton, the operating surgeon, and one by Dr. D. K. Allen, who was present at the operation. The conclusion of Dr. Pinkerton is:

"Recent hernia, noncongenital."

The conclusion of Dr. Allen is:

"There is nothing about the hernia to indicate how long it had existed. It could have come down recently or it could have been down for a year."

The commission had adopted certain rules for its guidance in the determination of whether an applicant afflicted with hernia shall or shall not be awarded compensation. The rules adopted by the commission are:

"In all future hernia cases coming before the Industrial Commission of Utah for decision, the commission will pursue the following policy in the determination as to whether or not the injured would be entitled to compensation:

"(A) Real traumatic hernia is an injury to the abdominal (belly) wall of sufficient severity to puncture or tear asunder said wall, and permit the exposure or protruding of the abdominal viscera or some part thereof. Such an injury will be compensated as a temporary total disability and as a temporary partial disability, depending upon the lessening of the injured individual's earning capacity.

"(B) All other hernias, however, occurring or discovered, and whatsoever the cause, except as under (A), are considered to be diseases causing incapacitating conditions, or permanent partial disability, but the permanent partial disability and the causes of such are considered to be, as shown by medical facts, to have either existed from birth, to have been years in formation, or both, and are not compensable, except as hereinafter provided.

"(C) All cases (B) in which it can proved (1) that the immediate cause which calls attention to the presence of the hernia is a sudden effort or severe strain or blow received while in the course of employment; (2) that the descent of the hernia occurred immediately following the cause; (3) that the cause was accompanied or immediately followed by a severe pain in the hernial region; (4) that the above facts were of such severity that the same were noticed by the claimant and communicated immediately to one or more persons, are considered to be aggravations of previous ailments, or diseases, and will be compensated as such for time lost only to a limited extent, depending upon the nature of the proof submitted and the result of the local medical examination, but not to exceed two months."

The petitioner here challenges the right of the commission

to make rules which in effect, as it is claimed, deny to an applicant a legal and substantial right given him by the provisions of the Workmen's Compensation Act.

That hernia resulting from an accidental injury, whether such injury is caused by trauma or from a pre-existing hernia which is accelerated or lighted up by the accident, is compensable under the Workmen's Compensation Act in this state, is no longer an open question. *Staker v. Ind. Comm.*, 61 Utah, 11, 209 P. 880; *McEwan v. Ind. Comm.*, 61 Utah, 585, 217 P. 690; *Pinyon Queen M. Co. v. Ind. Comm.*, 59 Utah, 402, 204 P. 323; *Tintic Min. Co. v. Ind. Comm.*, 60 Utah, 14, 206 P. 278, 23 A. L. R. 325; *Cherdron Const. Co. v. Simpkins*, 61 Utah, 493, 214 P. 596. It is therefore argued that, if the accidental injury caused by lifting the ice box produced the hernia or lighted up or accelerated a pre-existing hernia, the commission cannot defeat the applicant's right to compensation by any rules adopted by it defining or specifying the nature or kind of evidence necessary and essential to entitle the applicant to compensation; in other words, it is applicant's contention, as we understand the argument, that, if a hernia results from an accidental injury, or if an existing hernia is lighted up or accelerated by such accidental injury, the applicant's right to compensation cannot be defeated by reason of the fact that the descent of the hernia did not occur immediately following the cause or by reason of the fact that the cause of the hernia was not accompanied or immediately followed by severe pain in the hernial region, nor by reason of the failure of the applicant to communicate the fact of the existence of the hernia immediately to the employer or some other person.

The authority of the commission to promulgate rules of procedure having to do with the administration of the Workmen's Compensation Act may be conceded. Whenever, however, the commission undertakes by rules of procedure to prescribe the particular evidence which alone will entitle

an applicant to compensation in a particular accidental injury, the commission is no longer confining it acts to procedure, but is entering the domain of substantive law. The commission is thus undertaking by rules thus formulated to deny an applicant the right to compensation in the absence of the particular evidence specified in the rules, regardless of the fact that there may have been an accidental injury in the particular instance. No express provision of the statute has been called to our attention, nor can we find any, which undertake to delegate such power to the commission. The authority to prescribe what particular evidence is necessary to establish any given fact is peculiarly within the province of the Legislature, and, unless some statute is found delegating such power to an administrative body, then the administrative body can have no such power.

The Supreme Court of Washington, in *Zappala v. Ind. Ins. Comm.*, 82 Wash. 321, 144 P., at page 56 (L. R. A. 1916A, 295), in discussing certain rules formulated by the Industrial Commission of that state says:

"The appellant also suggests that the court ought not to disturb the rulings of the commission upon questions of policy involving the administration of the act, and that the commission, having adopted certain rules for their government in these cases, should be upheld in their observance. In so far as the commission has adopted any rules that pertain to the administrative features or those matters that are peculiarly within the control of the commission, the courts, we apprehend, will recognize its right to do so. But this does not mean that in our interpretation of the true intent and purpose of the act on a pure question of law we are bound by any ruling of the commission. If so, there would be no purpose in the appeal to the courts provided by the act. Whenever the Industrial Insurance Commission interprets the law, that interpretation is reviewable in the courts, and while in any given case, as in this, the courts will give due respect to the rulings of the commission, they must finally act upon their own determination as to what the law means and the extent to which it is applicable."

The commission, in its findings, does not state nor attempt to state that no accident had occurred, nor that the hernia

did not result from the accident, if there was an accident. It is apparent from both the findings of fact and the conclusions, and also from the examination of the applicant by the commissioner before whom the testimony was taken, that the commission was of the opinion and determined the applicant's right to compensation upon the theory that, unless it was made to appear that the applicant, at the time of the alleged injury, did some act or made some statement as required by the rules, the commission should deny the applicant compensation. That is made apparent from the statement in the conclusions of the commission, wherein it is said:

"After taking into consideration the evidence and all the circumstances of this case, the commission feels that the applicant's claim for compensation should be denied, as it does not conform to the rules promulgated by the commission in hernia cases."

Comp. Laws Utah 1917, § 3149, provides:

"The commission shall not be bound by the usual common-law or statutory rules of evidence or by any technical or formal rules of procedure, other than as herein provided; but may make the investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of this title."

Some suggestion is made that the rules promulgated by the commission are authoried by the provisions of this section. It is quite apparent from the reading of that section that such was not the intent of the Legisla- ■ lature. The legislative intent, as clearly expressed by the language of that section, is that the commission shall not be limited in its efforts to ascertain the facts to common-law or statutory rules of evidence or procedure, not that the commission can by some rule of procedure deny an applicant compensation by reason of the absence of any particular evidence that might be specified in rules promulgated by the commission.

The defendants here rely upon a recent opinion of this court (*Kavalinakis v. Ind. Comm.* [Utah], 246 P. 698) as justifying the commission in denying the applicant an award in this case. An examination of the facts in that case will clearly indicate that the court was not there considering or discussing a like question to the one involved in this review.

The applicant here, however, assails the order of the commission primarily for the reason that the commission's findings do not support its order denying an award. We are of the opinion that that contention must be upheld. Had the commission made a finding that the injury did not result from the accident, or had found that no accident happened at the time claimed, we are not holding that such a finding, or either of them, would not have been supported by substantial evidence; but in the absence of any finding on either of those essential facts the commission was not justified in denying an award, especially as it appears from the record the denial of an award was based primarily upon the failure of the applicant to furnish certain evidence of the kind and nature specified in the rules promulgated by the commission.

The order of the commission, denying an award, is annulled.

THURMAN, CHERRY, and STRAUP, JJ., concur.

FRICK, J.

I concur. I do so upon the sole ground, however, that the findings of the commission are insufficient to justify its conclusion. While in hernia cases much latitude must be given to the findings and conclusions of the commission, yet the findings must nevertheless be such as to justify the conclusion of the commission. In my judgment the findings do not do so, and hence I concur with the Chief Justice in annulling the commission's order.