BIGFOOT'S INC., a Utah corporation, Plaintiff,

v.

The INDUSTRIAL COMMISSION OF UTAH, and Bret D. Kimbal, Defendants.

No. 20495.

Supreme Court of Utah.

Feb. 26, 1986.

---

Martin W. Custin, Ogden, for plaintiff.

Stephen W. Farr, Ogden, for defendants.

PER CURIAM:

Plaintiff appeals an award of medical expenses, temporary total disability, and permanent partial impairment benefits granted to its employee, Bret D. Kimbal,

claimant. Plaintiff raises two issues: (1) that the Commission erred in finding that an industrial accident occurred, and (2) that the Commission erred in finding that claimant had no previously existing physical impairment. We affirm.

Plaintiff operates a beer bar in Ogden, Utah. Claimant worked part-time for plaintiff as a doorman/bouncer and a cooler stocker beginning in April, 1982. During the same period of time, claimant worked installing storm windows in his father's business. Claimant testified that after his shift as doorman on Saturday night, June 19, 1982, he helped stock the cooler with beer. As he reached for the last case of beer and passed it to his co-worker at about 2:00 a.m. on June 20, claimant felt a sharp, needlelike pain in his back which radiated down his left leg. Since his work was finished for the night, claimant checked out, returned home, and went to bed. The next morning when he got out of bed, claimant felt a sharp pain in his left leg, which gave way, and he collapsed. Claimant consulted two chiropractors and two general practitioners and obtained no relief. Finally, claimant was referred to a neurosurgeon who diagnosed a herniated disc and excised it in late July, 1982. Claimant's doctor did not release him to return to work until February, 1983, but claimant began working as a supervisor, with no lifting or other physical exertion, in his father's business in November, 1982.

A medical panel appointed by the Commission reported that claimant had suffered physical impairment of seven percent of the whole man as a result of the industrial accident and that claimant had no previous history of physical impairment.

Plaintiff produced two of claimant's co-workers, who testified that claimant had complained of pain in his back in May, 1982, and had said that he had injured himself when he slipped off a ladder while working for his father installing storm windows. Claimant denied that he had hurt his back while working for his father or that he had told his co-workers that his back hurt.

Plaintiff also produced evidence that claimant had undergone chiropractic treatments for low back pain in 1981. Dr. Benson, who served on the medical panel, testified that he had not known of claimant's 1981 low back problems at the time of making his report to the Commission, but that the information did not change his opinion, since the evidence was that the chiropractic treatments in 1981 relieved claimant's pain at that time and there was no evidence that it resulted in any physical impairment.

Plaintiff argues that in view of the evidence the Commission erred in finding that claimant was injured during the course of his employment with Bigfoot's and that claimant had no previously existing physical impairment.

In reviewing findings of fact made by the Industrial Commission, we determine only whether the Commission's findings are supported by substantial evidence. U.C.A., 1953, § 35–1–85; *Kennecott Corp. v. Industrial Commission,* Utah, 675 P.2d 1187 (1983); *Champion Home Builders v. Industrial Commission,* Utah, 703 P.2d 306 (1985). This is a case in which the evidence was in conflict and the fact finder chose to believe the witnesses and evidence presented by the claimant, rather than the witnesses and evidence presented by the employer. In such a case, this Court has no power to determine the weight of the evidence and credibility of the witnesses under the statute. *Staker v. Industrial Commission,* 61 Utah 11, 209 P. 880 (1922).

Plaintiff also argues that no legally compensable accident occurred as defined by this Court in *Sabo's Electronic Service v. Sabo,* Utah, 642 P.2d 722 (1982). However, plaintiff failed to present this issue either to the administrative law judge or to the Commission on review. Plaintiff's motion for review to the Commission merely states that the "Administrative Law Judge's determination that the applicant was injured on or about the 19th day of June, 1982, while in the employment of defendant is contrary to the clear and substantial weight of the evidence presented." Plain-

tiff made no other argument before the administrative law judge or the Commission. Issues not raised before the Industrial Commission are waived on appeal. *Pease v. Industrial Commission,* Utah, 694 P.2d 613 (1984); *Gibson v. Board of Review,* Utah, 707 P.2d 675 (1985). Affirmed.