## SILVER KING COALITION MINES CO. et al. v. INDUSTRIAL COMMISSION et al.

No. 6335. Decided September 6, 1941. (116 P. 2d 771.)

See 71 C. J. Workmen's Compensation, sec. 299; 28 R. C. L. 770, 778 (8 Perm. Supp., pp. 6208, 6211.

*Shirley P. Jones,* of Salt Lake City, for plaintiffs.

*Grover A. Giles,* Atty. Gen., and *Zar E. Hayes,* Asst. Atty. Gen., for defendants.

WOLFE, Justice.

Certiorari to the Industrial Commission of Utah to review an award made against plaintiffs and in favor of Joe B. and Nyda June Martinez, minor children of Antonio Martinez, deceased, whose death resulted from injuries sustained in the course of his employment with plaintiff mining company. The commission found that the two minor children were the only surviving dependents of the deceased, their mother having divorced deceased and remarried prior to the death. Compensation at the rate of $16 per week, plus ten per cent for each minor, a total of $19.20 per week was awarded. Review is sought only as to the amount of the weekly payments.

The issue before us involves the construction of Sec. 42-1-64(2), Chapter 51, Laws of Utah, 1939, which reads:

"If there are wholly dependent persons at the time of the death, the payment shall be 60 per cent of the average weekly wage, but not to exceed a maximum of $16 per week, plus 10 per cent of said award for each dependent minor child under the age of eighteen years, up to and including five such dependent minor children, to continue for the remainder of the period between the date of the death and six years after the date of the injury, and shall not amount to more than a maximum of $7,500 or less than a minimum of $2,000."

The foregoing statute was first enacted in 1937. Prior to that time the maximum compensation award was $16 a week and there was no increase for dependent minor children. It is admitted that the children are wholly dependent.

The question is three-faceted: Under Section 42-1-64(2), supra, is the ten per cent increase to be given only where there is an adult dependent in addition to minor children, or should the ten per cent be granted for each minor regardless of the existence of an adult dependent, or if there is no adult dependent should the ten per cent addition start only with a second minor child? It is urged in plaintiffs' behalf that in the event the minors are the only dependents there would be no reason to increase the compensation for

their benefit since they would get all of the basic award, which would be an ample amount.

The language of the statute points to a definite procedure to be followed by the commission in determining an award: Compensation shall be awarded to "wholly dependent persons." Children may be such dependents. The amount shall be computed according to a prescribed method, to be not more than $16 per week, plus ten per cent for each minor child. Under the statute the commission must first find dependency. Such being found, a right to the basic award accrues. Next, it must ascertain if there are minor children among such dependents. So finding, the basic award is increased by ten per cent for each minor child, (not to exceed five). There is no language in the statute to indicate that the additional award is contingent on anything other than the existence of wholly dependent minor children.

The provisions of the Utah statute are like those of no other state. Hence, we are without the assistance of any decisions. It may well be that the legislature may not have been aware that the language it used would result in giving to a sole minor dependent the same amount that one minor and an adult dependent would receive. But that is mere conjecture. The legislature may have concluded that a lone dependent who was a minor might require adult attention to be employed, and thus meant to give the ten per cent in such case as well as in the case where there was also a dependent parent. In this case we are not called on to give a meaning which would exclude a situation having an unconstitutional import, or to construe the language so as to prevent a nonsensical or ridiculous result. There is no constitutional inhibition against a legislature's providing that a sole minor dependent shall have as much as one minor and an adult, although it may seem to result in an apparent disproportion between the two situations. This being so we are not warranted in restricting the scope of the language so as to result in what

may appear to us to be a proper proportioning of compensation payments. For that matter, under the statute, a family of more than five minor children would appear to be obtaining compensation disproportionate to that awarded a family of five minor children.

The interpretation given to Section 42-1-64(2) must be sustained. The order of the Industrial Commission is affirmed, with costs.

MOFFAT, C. J., LARSON, and McDONOUGH, JJ., concur.

PRATT, J., dissents.