## DAVIS et al. v. INDUSTRIAL COMMISSION et al.

No. 6880.   Decided December 31, 1945.   (164 P. 2d 740.)

See 71 C. J., Workmen's Compensation, sec. 572; 26 R. C. L., 823.

*F. A. Trottier,* of Salt Lake City, for plaintiffs.

*Hurd & Hurd,* of Salt Lake City, *Grover A. Giles,* Atty. Gen., for respondent.

LARSON, Chief Justice.

The Commission of Finance and an employer have applied to this court for a writ of certiorari to review an industrial compensation case involving the interpretation or application of the statutory provision concerning lump sum payments as provided by Section 42-1-73 of the Utah Code Annotated.

There is no dispute as to the facts. On April 11, 1945, Ross T. Smith, while in the employ of Ray Davis, was killed in a mine explosion in Uintah County, Utah. Compensation insurance was carried by the State Insurance Fund. The jurisdictional facts were stipulated. On this stipulation the Industrial Commission under the date of April 25, 1945, made an order in which the employee's widow, Mrs. Cabral Smith, an alien, and three citizen minor children were awarded compensation for six years (313 weeks) at the rate of $20.80 per week. The six year period runs from April 12, 1945 to April 11, 1951, inclusive. In compliance with that order the State Insurance Fund paid to Mrs. Smith, for the benefit of herself and the three children, the amount of $20.80 per week.

On or about June 14, 1945, the State Insurance Fund received a letter from Byron A. Smith, a brother-in-law of Elina Cabral Smith, telling of Mrs. Smith's language handicaps and unhappiness in this country and requested a lump sum payment so that she and the children could return to Argentina. This letter was forwarded by the Insurance Fund to the Commission. In July, 1945, a second letter was received by the Commission reiterating the same request. Without notice to the employer or insurance carrier the Commission, on July 20, 1945, issued an order granting the request for a lump sum payment amounting to $5,624.28. Application for rehearing and reconsideration was filed

with the Commission by the plaintiffs herein. After consideration the Commission denied the petition.

The question is: Did the Commission exceed its authority in ordering the lump sum payment as provided by Section 42-1-73, U. C. A. 1943?

The insurance carrier contends that since one dependent is an alien who has expressed an intention to become a non-resident her part of the award should be apportioned and reduced one half. The carrier cites *Continental Casualty Co.* v. *Industrial Commission,* 68 Utah 334, 250 P. 145, to support its contention. There the court held that non-residence of an alien at any time when compensation was payable operates to reduce the amount to be paid during such non-residence. That case and the one before us are distinguishable upon the facts. In the instant case we are concerned with a family unit of three resident citizens and one resident alien; while in the Continental case the family unit was composed entirely of non-resident aliens. Both cases involve the alien statute, Section 42-1-68, (when an alien dependent of the deceased resides outside of the United States of America and any of its dependencies and Canada, such dependent shall be paid not to exceed one-half the amount provided therein) but, this statute does not provide for a reduction or apportionment in family unit awards when one of its members is an alien; while a reduction would be proper if the family unit were non-resident aliens. It is thereby obvious that the factual differences of this case call for a different solution.

Family unit awards are, as a general rule, preferred. Section 42-1-69, U. C. A. 1943, provides that the award shall be paid to one of the dependents for the benefit of all dependents. There are instances when the awards may be apportioned but such cases are the result of special circumstances. In this case the Commission made the usual award to the family as a unit; such an award cannot be considered as an award in which each dependent has title to a fractional share. Each dependent has the same interest and the same right to an undivided benefit

in this unit award. Every member of the family has a right to the privilege of enjoying the standard of living that would be afforded by the entire award. It is apparent that the children have no divisible interest for their marriage, becoming of age, or even death has no effect on the unit award. Section 42-1-64(2), U. C. A. 1943. Certainly the rights of the three children, who are United States citizens, in this indivisible award cannot be affected by any act of their alien mother unless the statute so provides. Therefore her expressing an intention to move, or her actual moving would not affect the award to the children. This gives rise to the question: What acts, if any, of the mother can or may affect or operate to reduce the amount of an award of which each child is entitled to the full benefit? Her death would not affect it; nor would any act she might perform with the exception of marriage. Section 42-1-64(2), supra. The widow's interest in the award is intangible and indivisible except upon an event that may or may not happen. Such interest confers on the widow no independent right or interest but instead is rather a contingent claim or right or expectancy. This contingent right is incapable of transfer by grant or conveyance; such an interest is so intangible that it cannot be segregated. It follows that this award should not be apportioned or reduced.

The insurance carrier and the employer contend that the Commission cannot legally change to a lump sum award without giving the employer or insurance carrier previous notice and opportunity to be heard. The record reveals that the insurance carrier was given notice of ■ the lump sum commutation. There was no dispute about the facts. All points of law were properly reviewed by the Commission in the petition for rehearing. It follows that the insurance carrier and the employer were actually afforded a hearing by the Commission on all points involved in this case. There is no merit to this contention.

The order and award of the Commission is affirmed.

McDONOUGH, TURNER, and WADE, JJ., concur.

WOLFE, Justice.

I concur on the ground mentioned in the opinion that the award made by the Industrial Commission to the widow and three children was a unit family award. The widow is a resident alien and the three children are resident citizens. The family is entitled to the award regardless of where it or parts of it reside. The mother cannot by any act of her own with the exception of marriage (Sec. 42-1-69, U. C. A. 1943 as amended 1945) affect this family award. Her death would not affect it. Her removal to another country cannot alter it. *Silver King Coalition Mines Co. et al.* v. *Industrial Commission et al.*, 101 Utah 12, 116 P. 2d 771.

Sec. 42-1-73, U. C. A. 1943, provides that

"the commission, under special circumstances and when the same is deemed advisable, may commute periodical benefits to one or more lump sum payments."

It may be that any party responsible for payment of the award should have a right to have a hearing on the matter of "special circumstances." Perhaps *Reteuna* v. *Industrial Commission*, 55 Utah 258, 185 P. 535, should be confined to the facts of that case, viz: the absolute right of the commission as far as the beneficiaries are concerned to grant or refuse a lump sum settlement. But at this time I think we need not determine the right to a hearing and consequently to notice of the same. It appears quite definitely that on petition for rehearing the only legal ground which was or could have been urged for a denial of the lump sum, had the plaintiff had a hearing before the lump sum was ordered, was based on the assumption that all of the dependents were residents of Argentina. The facts appear to be otherwise and at least on the facts as they are, there could be no ground for decreasing the award because the family was going to live or was already living in Argentina. Whether the award would be lessened had the whole family been citizens of Argentina and were residents there, we

need now express no opinion. It would be a work of super-erogation to send down the matter to be reheard when the only result would be a review of the reasons already urged for a denial of the lump sum and a repetition of the order granting it. By this it is not meant to say that the commission can fail to give a hearing and notification thereof on the chance that on petition for a hearing or what is here denominated a rehearing, it would appear that there were no grounds upon which the petitioner could be correct. In this case the commission, having obtained jurisdiction initially, had continuing jurisdiction. If the commission in this case ought to have held a hearing and given notice, the omission to do so was in this case not prejudicial. *Utah Fuel Co.* v. *Industrial Commission,* 67 Utah 25, at 40, 245 P. 381.

I deem any of the other reasons given in this opinion immaterial.