UTAH STATE ROAD COMMISSION et al. v.
INDUSTRIAL COMMISSION et al.

No. 6882. Decided April 25, 1946. (168 P. 2d 319.)

554

See 16 C. J. S., Constitutional Law, sec. 634, 12 Am. Jur., 307. Commutation of periodical payments to lump sum, see 28 R. C. L., 824.

*F. A. Trottier,* of Salt Lake City, for plaintiffs.

*Grover A. Giles,* Atty. Gen., and *Edward W. Clyde* and *Howard F. Coray,* both of Salt Lake City, for defendants.

WOLFE, Justice.

Certiorari to review the action of the Industrial Commission changing an industrial compensation award from periodical payments to a lump-sum payment.

On May 11, 1931, O. E. Merrill, the individual defendant, was injured while in the employ of the Utah State Road Commission. In its decision dated December 3, 1931, the Industrial Commission ordered the employer or its insurer to pay Merrill compensation at the rate of $16 per week from May 14, 1931, to July 1, 1931,

"and such other and additional compensation for his further disability and expenses thereof, as a result of said accident, following July 1, 1931."

Also the employer or insurance carrier were ordered to pay all medical, hospital and nurse fees incurred as a result of the accident.

Pursuant to the commission's order, the insurer paid Merrill compensation at the rate of $16 per week from May 14, 1931, to May 7, 1936. Under the provisions of Sec. 42-1-63, R. S. U. 1933, now Sec. 42-1-63, U. C. A. 1943, his weekly compensation rate was reduced to $15.97 per week, which the insurer has been paying him continuously since that date.

Upon Merrill's application and without previous notice to or hearing of the employer or its insurer the Industrial Commission on August 13, 1945, commuted the award to a lump-sum payment of $13,000. After notice of the commutation the employer and insurance carrier filed an application for rehearing which was denied by the Industrial Commission on August 28, 1945.

It is noted that the 1945 legislature in its amendment to the code section regarding compensation for permanent total disability provided that not more than $8,500 be required to be paid for a permanent total disability. See Sec. 42-1-63, Laws of Utah 1945. However, the law governing this case is that which was in effect when the injury occurred, that is, on May 11, 1931. As then in effect the law provided for payment of the benefits until the death of the person permanently and totally disabled with no limitation on the total amount that would be paid.

The first question is: May the Industrial Commission make commutations in cases of permanent total disability? The statute authorizing commutations is Sec. 42-1-73, U. C. A. 1943, which reads as follows:

"The [Industrial] commission, under special circumstances and when the same is deemed advisable, may commute periodical benefits to one or more lump-sum payments."

The statute is clear and unambiguous. It makes no exception to the authority to commute periodical benefits. Commutation may be made in permanent total disability cases.

The commission in making a commutation in permanent total disability cases should not include in the commutation anticipated medical and hospital expenses as they are not "periodical benefits" which may be commuted. The liability of the employer or its insurance carrier for said expenses is not affected by the commutation.

The next question presented is: May the Industrial Commission commute periodical benefits to one or more lump-sum payments without giving the parties previous notice and opportunity to be heard?

One purpose of the workmen's compensation act is to have payments come in periodically to the injured employee or to the dependents of an employee who was killed in his employment so that the beneficiaries will have the necessities of life for that long period of time and will not be public charges. The legislature provided for lump-sum payments only when "special circumstances" exist which make the

commutation advisable. Sec. 42-1-73, supra. Lump-sum payments are the exception because of the possibility that the beneficiaries may dissipate the fund and so defeat one important purpose of the act. The usual and ordinary award is for a small sum each week over the period specified by the statute. When the Industrial Commission denies a request for commutation it requires the usual and ordinary award to continue. When it authorizes a commutation it authorizes a deviation from the ordinary and usual award. This court in the case of *Reteuna* v. *Industrial Commission,* 55 Utah 258, 185 P. 535, said that when the commission acting on a request for commutation finds that no special circumstances exist which make the commutation advisable its decision is absolute and not subject to review by this court. However, even in that case the court did go on and review the action of the commission denying the commutation and found that the commission's action was not arbitrary and unlawful under the facts of that case. The question of whether or not this court will review the commission when it finds special circumstances do exist which make the commutation advisable was not before the court in the Reteuna case; neither need we decide it in this case.

Assuming the commission acting on a commutation application correctly finds "special circumstances" which make the commutation advisable, it must then decide upon the amount of the lump-sum payment.

When an award is originally made the Industrial Commission must give notice to the parties and opportunity to be heard. On that hearing the commission determines liability. The amount of that liability may also be there determined. Thus in cases where the employee was killed the award may be, for example, $16 per week for 6 years or in partial permanent disability cases the award may be, for example, $16 per week for 150 weeks. In other cases such as determined total permanent disability or like the case at bar, the extent of the liability may not be fixed at the time liability itself is decided—for example, the award may be a certain sum per week for life. Whether or not the extent of the liability is

fixed at the time the liability itself is determined every periodical payment award is subject to conditions subsequent which may decrease it or wipe it out. Some of those conditions subsequent are:

In permanent and total disability cases: The death or the recovery of the employee.

In cases where the employee was killed: If the dependents were aliens and become non-residents, the amount of the award is cut to one-half (Sec. 42-1-68, U. C. A. 1943) ; death of all the dependents terminates the award (Section 42-1-69, U. C. A. 1943) ; remarriage of widow if she were sole dependent cuts the award to one third. Section 42-1-69, U. C. A. 1943.

In any case where an award was supplemented for a child or children the marriage, death, attainment of 18 years of age, or termination of dependency of any will reduce the award by the amount it was supplemented by reason of that dependent minor. Section 42-1-69, U. C. A. 1943, and Section 42-1-69.10, Laws of Utah 1945.

Before the advantage of prospective contingencies can be cut off, as is done by a commutation to a lump-sum payment, the parties are entitled to notice and opportunity to be heard. Determining the amount of the lump-sum commutation is not merely a matter of arithmetic with the aid of life expectancy table. All the facts bearing on the amount should be weighed and considered by the commission before it makes its determination. Only on a hearing after notice to the parties before the amount of the lump-sum is decided can it be said that all parties had their day in court. Only by the commission having a hearing and making a transcript of same can this court on review determine whether or not the commission acted arbitrarily in determining the amount of the lump-sum payment. Due process requires the Industrial Commission when making a commutation of periodic benefits to one or more lump-sum payments to give notice and hearing to the parties before it decides the amount of the lump-sum or lump-sums to be paid.

By what has been said it is not meant to imply that the

employer or insurance carrier has a right to have the commutation take into account possible contingencies to lessen the lump-sum. Where the event is a certainty such as a child either becoming eighteen years of age or dying before it attains that age during the period the weekly installments were to run, thus definitely working a decrease in the weekly installments, such event would have to be taken into account, but where there is just a possibility or even a probability (something more apt to happen than not to happen), such as remarriage, the employer or insurance carrier could not ask that such contingency be considered. Unless the happening of a future event which had it happened would reduce the payments, is a fair certainty it would seem that the defendants would be entitled to receive as a lump-sum what they would receive over the statutory period, discounted because of present payment. What we mean to stress is that the employer or insurance carrier should have the right to point out to the commission on hearing had, matters which might affect the amount of the lump-sum. That there may be no such matters cannot affect the right to a hearing and notice. The right of a hearing and notice cannot be made to depend on a correct guess by the commission that there are no matters not within its knowledge which would affect the amount of the lump-sum.

In this case there never has been a determination by the commission that Merrill is permanently disabled. As he does not have the injuries which entitle him to a conclusive presumption of permanent disability (Sec. 42-1-63, R. S. U. 1933, denominated the same in U. C. A. 1943) whether or not he is permanently disabled is a question of fact to be decided by the commission on all the evidence after notice to and hearing of the parties. *Johnson* v. *Industrial Comm.*, 93 Utah 493, 73 P. 2d 1308; *Spring Canyon Coal Co.* v. *Industrial Comm.*, 74 Utah 103, 277 P. 206.

Defendants contend that the insurance carrier and employer are in this case precluded from successfully contending Merrill is not permanently disabled because the insurance carrier has paid Merrill on the basis of Permanent disability for 14 years.

We need not decide whether or not plaintiffs' acts preclude their successfully contending that no determination of permanent disability has been made. The payment of the lump-sum commutation irrevocably closes the door to any showing of a subsequent change in the employee's condition. The employer or the insurer have the right to have the periodic benefit award modified upon showing a change in the employee's condition. For that reason the employer and insurance carrier, before a lump-sum award is made, should have the opportunity to introduce evidence on the question of whether the employee's condition of total and permanent disability has changed as well as on matters of health which may materially affect his life expectancy, whether or not the commission has made a previous formal determination of the duration or of the totality of disability.

Defendants contend that in this case plaintiffs' petition to the commission for rehearing does not indicate plaintiffs had any additional or different evidence to offer and, therefore, if the commission is reversed it would be on purely technical grounds. It is also contended that as plaintiffs' evidence on Merrill's physical condition is not set out in the petition for rehearing the commission was not first given a chance to correct its own mistake before the appeal was brought, and, if the commission is reversed, it would be contrary to the principle developed in the case of *Furbreeders Agriculture Cooperative* v. *Wiesley et al.*, 102 Utah 601, 132 P. 2d 384, 386, where this court ruled administrative remedies must be exhausted before this court will give relief.

Though plaintiffs' petition was called an "Application for a Rehearing," it was in effect an application for a hearing. Request for rehearing is appropriate only when a hearing has first been held. In this case no hearing was given plaintiffs. They applied for a hearing, it was denied. In the Furbreeders case the plaintiff had not given the Labor Relations Board the opportunity to rule on whether or not the Board should hear a complaint against the plaintiff. We there denied a writ of prohibition saying:

"It should be a fundamental canon of judicial conduct to avoid interference with administrative proceedings until it is certain that the proceedings which imminently threaten to infringe the rights of the petitioner will not be corrected by the administrative tribunal. * * * In fact, until the Board acts otherwise, we will assume that it will act correctly when and if a proper motion to dismiss is made."

In the case at bar plaintiffs' application for rehearing as it was called put before the commission plaintiffs' contentions that no hearing was had before the commutation was made; that no determination of Merrill's permanent disability had been made; that the commission had no authority to commute periodical benefits to lump-sum payments in permanent total disability cases; and that the amount of the commutation was arbitrarily fixed. The commission gave its ruling on these points. The commission was given an opportunity to correct any errors it may have made and refused to do so. Therefore, the questions are properly before us.

It may be, as defendants urge, that an application for rehearing after a full and regular hearing has been given by a commission must give in detail the reasons why the commission should rehear the case and if one reason is that new or different evidence is to be presented that ■ evidence should be given with reasonable detail. The application for rehearing must be specific and detailed enough so the commission is clearly given the opportunity to correct itself. An appeal in such case presents to this court only the points raised by the petition for rehearing. But a petition for hearing is materially different from a petition for a rehearing. If due process requires a hearing the petition for same need merely ask for it.

In this case the Industrial Commission had a continuing jurisdiction of the subject matter and of the parties, but to materially change the award due process requires previous notice to the parties and a hearing. If we hold valid the procedure followed in this case by the commission ■ every administrative tribunal in pursuance of continuing jurisdiction could take action without notice to and

hearing of parties involved with the idea that if the parties did not object its order would stand. If, on the other hand, a party did object merely acting on a petition for rehearing would correct the error. Such is not the law—the rights of a party entitled to notice and hearing before decision are not fully protected by notice after decision and opportunity to request a rehearing.

In the recent case of *Davis et al.* v. *Industrial Commission et al.*, 109 Utah 87, 164 P. 2d 740, this court did not reverse the Industrial Commission for commuting periodical benefits to a lump-sum award without previous notice to and hearing of the employer and his insurer. From the perspective of the present case we think this court without deciding the merits of the Davis case should have returned it to the Industrial Commission with the instructions to hold a hearing. However, it was obvious in that case that the facts were not in dispute and only a law question was involved. Under the unique facts of that case our returning it to the commission to give a hearing to the parties would have served little purpose as the law question in exactly the same form would have again been brought to this court after the commission had given a hearing. All parties had the opportunity to fully argue the law question involved before this court which is the final arbiter of such law questions. Under the unusual facts of the Davis case the employer and his insurer were not prejudiced by no notice and hearing before the commutation was made. But in any case an agency which omitted to give notice or hold a hearing on the chance that its decision was the only possible result would be acting precariously indeed.

The order of the Industrial Commission commuting Merril's periodical benefits to a lump-sum payment is vacated. Costs to plaintiffs.

McDONOUGH and WADE, JJ., concur.

LARSON, Chief Justice (concurring specially).

I agree that on the question as to whether or not Merrill is permanently disabled, the employer and insurer are en-

titled to opportunity to be heard, after notice. While the record of the case in the files of the commission would justify a finding that he was permanently disabled, I think the other parties are entitled to an opportunity to show any facts on the question which the record does not disclose before they are to be bound by such determination. Until such determination is had, no valid order for a lump-sum payment based upon permanent disability can be made. For this reason alone I concur in vacating the order.

PRATT, J., not participating.