458 P.2d 630

The SOUTHLAND CORPORATION, 7-Elev-
en Food Stores, Inc. and United States
Fire Insurance Company, Plaintiffs,

v.

The INDUSTRIAL COMMISSION of Utah
and Betty J. Gonzales, Defendants.

Betty J. GONZALES, Plaintiff,

v.

The INDUSTRIAL COMMISSION of Utah,
The Southland Corporation, 7-Eleven Food
Stores, Inc. and United States Fire Insur-
ance Company, Defendants.

Nos. 11412, 11413.

Supreme Court of Utah.

Sept. 8, 1969.

Stuart L. Poelman, of Worsley, Snow & Christensen, Salt Lake City, for plaintiffs in 11412 and defendants in 11413.

Russell C. Harris, of Nielsen. Conder, Hansen & Henriod, Salt Lake City, for plaintiff in 11413.

Vernon B. Romney, Atty. Gen., Salt Lake City, for Industrial Commission.

CALLISTER, Justice:

This is a consolidation of petitions for review of an award of the Industrial Commission. The claimant, Betty J. Gonzales, contends that the Commission erred in denying her petition for rehearing and refusing to permit new and additional medical testimony. Defendant employer and defendant insurance carrier, in their petition, contend that the Commission erred in its determination of the period of claimant's temporary total disability.

Claimant was employed in a 7-Eleven Store and claimed to have suffered injuries on November 8, 1966, while unloading cases of merchandise from a truck and moving them into the store. She reported her injuries to her employer on December 7, 1966, and consulted Dr. Breck three days later who diagnosed her injuries as acute dorsal lumbar strain. She subsequently consulted Drs. Powell, Namba and Hebertson. Defendants denied liability on the ground that there was a discrepancy between the objective findings of the aforementioned doctors and the claimant's subjective complaints.

In her initial claim filed with the Commission, and consistently thereafter, claimant has contended that her injuries included damage to intervertebral discs, lumbosacral strain, and muscle spasm in the back. At the first hearing the medical aspects of the case were referred to a panel of medical specialists. This panel reported to the Commission that the claimant had sustained a strain of the thoracic area on November 8, 1966, but that her cervical and lumbar complaints could not be related to the events of that day. The panel also indicated that claimant's temporary total disability ceased on June 4, 1967.

Claimant filed objections to the panel's report and a hearing was held at which Dr. Holbrook, a member of the panel, tes-

tified that the basic reason for the panel's finding was that the onset of pain in the lumbar area did not occur until a relatively long period after the incidents described. He further stated that there was nothing in the reports of the other doctors who examined the claimant which conflicted with the panel's findings.

The Commission, adopting the report of the medical panel, entered an order that the applicant had an industrial accident causing disability to her thoracic area for which she was entitled to benefits, but that her work activities did not cause injury to her cervical and lumbar areas and compensation and medical benefits should be denied as applied to those areas. Defendants were ordered to pay applicant disability benefits for the time period beginning November 9, 1966, and continuing to June 4, 1967.

Thereafter, claimant filed a timely motion for review claiming additional medical evidence was then available which was not available at the time of the hearing. The defendants filed a motion for review claiming that there was no evidence to support the Commission's finding as to the period of disability. The Commission denied both motions.

In her motion for review, filed August 22, 1968, the applicant, in addition to her request for the reopening of the case to present additional medical evidence, requested that the Commission refer the matter to another medical panel on the recommendation of Dr. Robert Lamb. She further requested that no further action be taken until she was released from the hospital and certified by Dr. Lamb to be in condition to appear for further examination by such medical panel. Subsequently, on September 10, 1968, applicant filed with the Commission a copy of a letter from Dr. Hebertson to Dr. Lamb in which he stated, "Mrs. Gonzales probably suffers from a sprain injury of the spine, notably of the cervical and lumbar regions and a herniated disc as a result of the alleged injury in November, 1966 * * *" It also appeared therefrom that Dr. Lamb had performed surgery for a simple disc removal at the lumbar level.

Section 35–1–82.55, U.C.A.1953, provides:

Every motion for review shall be in writing, and shall specify in detail the particular errors and objections. * *

In Utah State Road Comm. v. Industrial Commission,[1] this court observed that an application for rehearing, after a full and regular hearing has been given by the Commission, must give in detail the reasons why the Commission should rehear the case, and if one reason be that new and different evidence is to be presented, that evidence should be given with reason-

1. 109 Utah 553, 168 P.2d 319 (1946).

able detail. The application for rehearing must be specific and detailed enough so the Commission is clearly given the opportunity to correct itself.

■ Claimant's allegedly new evidence was not specified with the reasonable detail required to enable the Commission to have an opportunity to correct itself. Furthermore, the proffered evidence was essentially cumulative in nature rather than a disclosure of new and relevant facts specifically relating to the issue of causation between the accident and claimant's current back condition. The disputed issue in this case was not that applicant had back trouble in the cervical and lumbosacral regions but whether the injuries to these areas occurred as a result of her alleged accident. This matter was a disputed issue of fact upon which the Commission, aided by the medical panel, made a specific finding, which was supported by substantial, competent evidence. The Commission did not abuse its discretion in denying applicant's motion for review.

There is no merit to the contention of the defendants that the finding that claimant's disability continued until June 4, 1967 was arbitrary and capricious and not supported by the evidence.

Affirmed. No costs awarded.

CROCKETT, C. J., and HENRIOD, TUCKETT and ELLETT, JJ., concur.