George O. SMITH, Deceased, and Lila J. Smith, widow, Plaintiffs,

v.

The INDUSTRIAL COMMISSION of the State of Utah et al., Defendants.

No. 14275.

Supreme Court of Utah.

April 28, 1976.

449

Robert M. McRae, of Hatch, McRae & Richardson, Salt Lake City, for plaintiffs.

Vernon B. Romney, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., Salt Lake City, for defendants.

HENRIOD, Chief Justice:

Review of the adequacy of a Commission award. Affirmed with no costs.

This was a very protracted case, where an award was made on June 13, 1975, seven years after the injury of the applicant's husband, in the course of his employment, on May 7, 1968, when he fell from a ladder, injured his head against a pipe and died on May 25, 1972.

The petitioner urges one point on review: That the Commission did not award her, a wholly dependent widow, sufficient entitlement under Section 35–1–68, Utah Code Annotated 1953. The benefits were definable as to maximum time for payment and amount, were governed by the wording of the section on date of injury,[1] and it appears the award fully complied with or exceeded such provisions. (Laws Utah 1967, Ch. 65, Sec. 1.) Any additional benefits would not be awardable by amendment thereafter, and subsection 4, paragraphs 5 and 6 so amended in 1973[2] that *did* enlarge such benefits would have no application here.

Petitioner did not join in defendants' petition for review, was not particeps thereto, and anyway, the issue raised by them are not those raised by her here. Besides, she did not ask for a review within 15 days after the award, as interdicted by Title 35–1–82.55, all of which has precluded her from asserting any claim further.

ELLETT, CROCKETT, TUCKETT and MAUGHAN, JJ., concur.

1. *Utah Road Comm. v. Industrial Comm.*, 109 Utah 553, 168 P.2d 319 (1946).

2. Laws of Utah, 1973, Ch. 67, Sec. 5.